JOHN H. KEHLENBECK, Appellant, *against* DIEDRICH LOGE-
MAN, President of the Norddeutscher Bund, No. 1, Re-
spondent.

(Decided April 3d, 1882.)

A by-law of a voluntary association cannot be held by the courts to be
invalid merely because it is not reasonable, if it has been adopted in the
way agreed upon by the members of the association.

APPEAL from a judgment of this court, entered upon the
dismissal of a complaint.

The defendant in this action was a voluntary association,
and the action was brought by the plaintiff, claiming to be a
member thereof, to recover certain sick benefits.

The by-laws and constitution of this association were so
worded as to permit three-fourths of the members present to
amend them in any respect as they might see fit, and there was
nothing which required notice of such amendment to be sent
to the members. Pursuant to the constitution, the by-laws
were so amended some considerable time prior to the plaint-
iff's sickness, requiring every member, as soon as he became
sick or unable to work, to notify the secretary of the Bund,
and to deliver to him or the Bund within three days thereafter
a certificate of the attending physician as to the nature of the
sickness. Of this amendment the plaintiff had no notice.
This provision of the by-laws was not complied with by the
plaintiff, and he was denied sick benefits.

Upon the trial of this action, the plaintiff's complaint was
dismissed by the court, and a judgment for the defendants
was entered thereupon. From the judgment the plaintiff
appealed.

*George W. Ellis*, for appellant.

*Alfred Steckler*, for respondent.

VAN BRUNT, P. J.—[After stating the facts as above.]—It
seems that the true interpretation of the by-law in question

makes the furnishing of the physician's certificate a condition precedent to a recovery.  It is one of the regulations adopted by the organization for the purpose of determining as to who shall be entitled to sick benefits and under what circumstances. The objection to the admission of the evidence of the by-law upon the ground that the by-law introduced in evidence was different from the one pleaded, does not seem to be well taken. It is true that there are contained in the record other regulations beside the one which has been pleaded, but they have no relevancy whatever to the issue presented under the pleadings. Article 3 is substantially set out in the answer.  It is true that the language differs in its order and arrangement, and that there are some omissions, but as far as this case is concerned the legal effect of the by-law as it is sought to be invoked as a defense is substantially contained in the answer, and duly apprises the plaintiff of precisely what the defense claims to be the effect of the by-law which had been passed.  Under these circumstances the evidence seems to have been admissible, as the legal effect of the by-law may be set out in an answer without reciting its exact language.

The objection that the new by-law is not binding upon the plaintiff, because it is a fundamental alteration of the constitution of the society, does not seem to be well taken.  It was adopted pursuant to the provisions of the constitution relating to by-laws, to which provisions the plaintiff in this action subscribed in order to become a member,—it being a voluntary association.  It was an amendment relating to the objects of the society, and was simply a change in the regulations by which proof was to be made to the association of the right to relief.  In other words, in order to entitle members to relief, they should make their claim at once in order that the society might be apprised of it, and should furnish some *prima facie* evidence beside their own of their right to relief.

It has been held in this court upon more than one occasion that in respect to the by-laws of a voluntary association the court has no visitorial power, and cannot determine whether they are reasonable or unreasonable, and the only question which it can examine is whether they have been adopted

Kehlenbeck *v.* Logeman.

in the way which has been agreed upon by the members of the association.

The case at bar is distinguishable in many particulars from the case of *Poultney* v. *Bachman* (10 Abb. N. C. 252), decided by Mr. Justice WESTBROOK in April, 1881. In that case, after the plaintiff became entitled to sick benefits to a certain amount, there was an attempt upon the part of his associates to restrict his recovery by an amendment of the by-laws. The by-laws provided that when he became sick he should be entitled to certain relief during his sickness or disability, and it was held by the learned court in that case, that by the happening of the contingency provided for, namely, the sickness, the plaintiff's right to the sum provided for in the by-laws during his sickness or disability became a vested one, of which he could not be deprived ; and an illustration is resorted to by the learned judge, who refers to the clause contained in an insurance policy giving either the insured or the insurer the right at any time to end the risk; and he says it would certainly be a somewhat novel construction of the clause conferring such power of termination to hold that, after a loss has occurred to the insured against which the agreement was to protect, the payment of the sum stipulated for could be either reduced or repudiated by the insurer. This case, it will be seen, is entirely different from the one at bar. The alterations of the by-laws in the case at bar were made long before the plaintiff became entitled to any relief, and were made in accordance with the method which he subscribed to upon becoming a member, and of which he has now no right to complain.

The association being a voluntary one, as has above been stated, this court has no power to pass upon the question as to whether such rules and regulations as they chose to adopt for the guidance of their own affairs are reasonable or unreasonable ; and I am, therefore, of the opinion that the judgment appealed from should be affirmed, with costs.

VAN HOESEN and BEACH, JJ., concurred.

Judgment affirmed, with costs.