### BRADY *v.* COACHMAN'S BENEVOLENT ASS'N.

*(City Court of New York, General Term. May 2, 1891.)*

1. BENEVOLENT SOCIETIES—PAYMENT OF DUES.
   Under a by-law of a benevolent association, providing for payment of benefits in case of sickness, etc., to "every member in good standing on the books," a member cannot be deprived of such benefits because in arrear for dues, where the amount of the dues in arrear is less than the benefits to which he was entitled when they became due.

2. SAME—BY-LAWS—VALIDITY.
   A by-law of a benevolent association providing that a member in arrears for three months' dues "shall not be entitled to benefits until three months after such arrears shall have been paid," is unreasonable and inoperative.

Appeal from trial term.

Action by John Brady against Coachman's Benevolent Association. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*Kenneson, Crane & Alling*, for appellant. *G. R. Carrington*, for respondent.

VAN WYCK, J. The plaintiff became a member of the Coachman's Benevolent Association, a corporation, in February, 1870, which is admitted by defendant as follows: "It is admitted that the plaintiff has paid to the defendant $120.50 in dues, being dues for twenty years and one month, at the rate of 50 cents per month, and ending in March, 1890." This action was begun on March 13, 1890, to recover $700, being sick benefits at the rate of $10 per week from November 4, 1888, at which time plaintiff claims that he was sick and disabled, and so reported to the association on that day. The defense was that the claim had been compromised by the payment of $70 as settlement of a disputed claim, and that plaintiff was not a member in good standing. The by-laws of the association provide as follows: "Art. 7. *Benefits.* Sec. 2. Any person in arrears for three months' dues ($1.50) on the books shall not be entitled to benefits until three months after such arrears shall have been paid." "Sec. 4. Every member in good standing on the books, in case of sickness or disability to labor, shall be entitled and receive ten dollars per week during continuance of such a sickness or disability, unless the same be brought on by improper conduct." The evidence, in reference to the payment of the dues, of the secretary and the books of the association, was that plaintiff was always in good standing up to April 7, 1889, upon which day he paid $2, and that that made his standing good up to May 27, 1889, and that he was three months in arrears on August 27, 1889, and he continued in arrear until December 1, 1889, when he was six months and four days in arrear, but that he

paid $5 on December 1, 1889, which amounted to dues for 10 months, and hence he had then paid his dues from May 27, 1889, to March 27, 1890. The association claimed—*First,* that this condition in reference to payment of his dues was not controverted, and hence that its counsel's exception to the judge's charge, by which it was left to the jury to determine whether or not he was in arrear on August 27, 1889, was well taken; and, *secondly,* that if, as matter of law, he was three months' dues in arrears on August 27, 1889, and continued so until December, 1889, he was not entitled to sick benefits until three months after December 1, 1889,—that is, until March 1, 1890,—for the reason that the by-laws, § 2, provide that "any person in arrears for three months' dues ($1.50) on the books shall not be entitled to benefits until three months after such arrears shall have been paid." It would seem that in leaving it to the jury to determine whether or not plaintiff was three months in arrears on August 27, 1889, the judge had, if anything, been too liberal to the defendant; as adjudicated authority would have justified him in instructing the jury that it would make no difference whether or not the defendant on August 27, 1889, had failed to pay his dues since May 27, and continued in default until December 1, 1889; provided that they should find that plaintiff had become disabled on November 4, 1888, continued so until the beginning of this action, and had properly notified the association of his disability, and had not compromised his claim for $70, but had properly applied the $70 on account of his claim; for these conclusions of fact would show that on August 27, 1889, when it was claimed that the defendant was in default $1.50, three months' dues, the association itself was in default in its payment of the sick benefits due the plaintiff from November 4, 1888, amounting to about $400. It would indeed be strange law and bad morals which would hold him in default for his dues, and at the same time exonerate the association from payment of the sick benefits. The rule of law is that, where there has been a part performance by a plaintiff, the defendant cannot avoid the performance of his covenants, by setting up a breach by the plaintiff of the residue. The plaintiff certainly made part performance by promptly paying his monthly dues for more than 19 years,—that is, from February 27, 1870, to May 27, 1889,—and up to that time it appears that the association had successfully avoided the performance of its covenants, as the jury finds that at that time it had defaulted about 40 times in the payments which it had covenanted to make weekly to a member disabled by sickness. And, in addition to what has already been stated, it can be confidently asserted that two courts of this city have already declared that a by-law similar to section 2 of this association's by-laws was void, and must not be enforced, for the reason that it was too harsh and oppressive: The general term of court of common pleas, in which Judge Brady, writing, says that the by-laws of the defendant association, in the case there under consideration, provides that "any member, who shall be three or more months in arrears, shall be deprived of benefits for three months after liquidating the same;" and continuing says: "It is not only unreasonable, but oppressive, and detrimental to the interest of the corporation, and one which, being fully understood, it seems would prevent persons from becoming members of the society." And a judgment in this last case for a plaintiff who, being in arrears six months, paid up and claimed sick benefits within a month thereafter, was affirmed. *Cartan* v. *Society,* 3 Daly, 20. And Chief Justice McAdam in *Nelligan* v. *Typographical Union,* 2 City Ct. R. 263, says that the city court, in following the case against Father Mathew Society, holds that "the governing rule with regard to corporations is that their by-laws must be reasonable, and all those which are vexatious, unequal, oppressive, or manifestly detrimental to the interest of the corporation or its members, are void; and concluded by holding that a by-law like the present, operating as a forfeiture of benefits, after the corporation had accepted all the dues in arrear, was inoperative as a forfeit-

ure, and that the beneficiary was entitled to recover. The decisions are based on sound grounds of public policy, and find ample warrant and support in the law." All the disputed questions of fact were carefully and properly submitted by the trial judge to the jury, whose verdict was proper, and, as no error was committed against the defendant, the judgment must be affirmed, with costs.

EHRLICH, C. J., concurs in result. NEWBURGHER, J., concurs.