## HESS v. JOHNSON.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

BENEFICIAL ASSOCIATIONS—CONSTITUTION AS CONTRACT.

    Under a provision in the constitution of a mutual benefit association that the funeral benefit will not be paid to a member who shall have been three months in arrears during the six months immediately preceding his death, a benefit is not recoverable on the death of a member whose arrears of more than three months had been discharged less than four months before his death.

Appeal from municipal court, borough of Manhattan.

Action by Minnie A. Hess against Charles Johnson, as treasurer of the New York Plate Printers' Union, No. 5. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Andrew F. Van Thun, Jr., for appellant.

Richard J. Morrisson, for respondent.

PER CURIAM. The action is brought against the defendant, as treasurer of a voluntary association, to recover the amount of a funeral benefit of $100. The constitution of the association, which was subscribed by the plaintiff's husband, provided that the sum of $100 should, on the decease of any member of one year's standing, be paid to the relative who should assume or be responsible for the expenses of his funeral; but this payment was subject to the proviso that "no funeral benefits shall be paid by this union in the case of a member who shall have been three (3) months in arrears, during the six months immediately preceding his death." The plaintiff's husband was in arrears for a period of over three months, which he discharged less than four months before his decease. We think the interpretation of this proviso is clear. It intended that, in case of a member being in arrears for three months, even when he paid those arrears his family should not be entitled to the funeral benefit,

unless he continued his payments for six months thereafter. It was intended as a penalty for defaulting in the payments to be made to the association, and is analogous to the provision that the families of those members only who have been such over a year should be entitled to the benefit. It is urged that the provision is unreasonable, and therefore void. In the case of Cartan v. Society, 3 Daly, 20, cited in support of this claim, the defendant was a corporation, and the provision assailed was a by-law. Here the defendant is a voluntary association, and the provision is contained in its constitution, subscribed by the members. That constitution is the contract between the parties, and if its provisions are not illegal, immoral, or contrary to public policy, it must be upheld, whether reasonable or not; for parties have the right to enter into unreasonable or unwise contracts, so long as such contracts are not illegal, and are fairly made. This is the distinction between the case of a voluntary association and that of a corporation. Kehlenbeck v. Logeman, 10 Daly, 447; Ulmer v. Minister (Sup.) 37 N. Y. Supp. 679.

The judgment appealed from should be affirmed, with costs.