There were other points urged by the appellant, but in view of the conclusion above reached, that the marshal, in receiving the deposit in lieu of an indemnity bond, acted without the scope of his official duties, it will not be necessary to consider them. It therefore follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(31. Misc. Rep. 729.)

### CONNIFF v. JAMOUR.

(Supreme Court, Appellate Term. June 13, 1900.)

1. BENEFICIAL ASSOCIATIONS—BENEFITS—REASONABLENESS OF PROVISIONS OF CONSTITUTION.

A provision in the constitution of an unincorporated trade association, organized for the purpose of advancing the general welfare of its members, that a member thereof who sustained an injury by accident while actually employed at the trade should receive certain accident benefits, provided he was working on the job where the injury was received at the wages prescribed by the organization, is valid and enforceable. Hence a member injured while working at less wages cannot recover the benefits.

2. SAME—CONSTITUTION—ACCEPTANCE OF CONDITIONS BY MEMBER.

A person who becomes a member of a voluntary trade association by signing its constitution is bound by the provisions thereof as to the conditions under which he would be entitled to certain accident benefits, though they be not reasonable, provided they are not illegal or contrary to public policy.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Michael Conniff against John J. Jamour, as president, to recover certain accident benefits. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Louis Steckler, for appellant.
Alden & Carpenter, for respondent.

PER CURIAM. The plaintiff is a member of the Amalgamated Painters & Decorators of New York, a voluntary unincorporated association, the objects of which are set forth in the second article of its constitution as follows:

"To aid each other in obtaining employment; endeavor to have all journeymen painters who work for wages join us; to better, maintain and advance the standard of life; to assist the labor movement in general on the basis of mutual interests and solidarity for the welfare of the working class."

As an incident to the general purposes of the association, the constitution provides for what are called "benefits," which are stated to be of three kinds: (1) Strike benefit, to be paid for stopping work at the demand of the organization; (2) accident benefit, to be paid for injuries sustained while at work at the trade; (3) death benefit. The provision respecting accident benefits is as follows:

"A member who sustains an injury by accident while actually employed at the trade shall receive a benefit of ten ($10) dollars per week during such

time as the injury so sustained renders him unable to work (but in no case· shall the benefit be paid for a period exceeding thirteen weeks): provided, he complies with the following demands of this organization: He must have· worked at the job where the injury was received for the rate of wages demanded by the organization. * * *"

The by-laws contain a provision that members of over 60 years of age may, upon personal or written application, be allowed, by vote of the organization, to work for such wages as they may be able to· obtain.

The facts of this case are conceded. The plaintiff, who was over 60 years of age, sustained an accidental injury while at work for lower wages than those demanded by the organization, which are stated in the constitution itself. He had not, however, obtained the consent of the association to his working for such lower wages, required by the provision of the by-laws above referred to. The association having refused to pay the benefit demanded by the plaintiff, this action was accordingly brought; and the sole question involved herein is whether, as a matter of law, the condition that the claimant must have worked on the job where the injury was received for the rate of wages demanded by the organization is a valid one,—the contention of the plaintiff being that it was unreasonable, and therefore void. We cannot agree with this claim. The payment of these benefits was not the main purpose for which the association was brought into being. It had other objects and purposes in view, one of which, obviously, was the maintenance of a fixed standard of wages; and it cannot be said that it was unreasonable for the association, in providing for these benefactions, to condition the right of its members to receive the same upon compliance by them with engagements that they had entered into under the articles of association, which constituted a contract between all of the members. When the plaintiff became a member of the association, he was required to enter into an agreement in writing to abide by the constitution and by-laws, and thus formed contractual relations with all of the other members respecting all of the matters set forth therein. He bound himself to work for the established rate of wages, and assented to all of the conditions which qualified his right to receive the pecuniary benefits for which the constitution provided. But, even assuming that the condition in question was unreasonable, the plaintiff still cannot prevail in this action. Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983. In the case cited the action was brought against the defendant, as treasurer of a voluntary association, to recover the· amount of a funeral benefit of $100, the right to which was qualified by a certain condition, the validity of which was challenged on the ground that it was unreasonable, and was therefore void. The· court said (page 466, 41 App. Div., and page 984, 58 N. Y. Supp.):

"In the case of Cartan v. Society, 3 Daly, 20, cited in support of this claim, the defendant was a corporation, and the provision assailed was a by-law. Here the defendant is a voluntary association, and the provision is contained in its constitution, subscribed by the members. That constitution is the contract between the parties, and if its provisions are not illegal, immoral, or contrary to public policy, it must be upheld, whether reasonable or not; for parties have the right to enter into unreasonable or unwise contracts, so long as such contracts are not illegal and are fairly made. This is the distinction

between the case of a voluntary association and that of a corporation. Kehlenbeck v. Logeman, 10 Daly, 447; Ulmer v. Minster (Sup.) 37 N. Y. Supp. 679."

As the plaintiff failed to bring himself within the terms of the provision under which his claim was made, the court below was clearly right in dismissing his complaint.

Judgment affirmed, with costs.