## LEAHY v. MOONEY.

(Supreme Court, Appellate Term. January, 1903.)

1. BENEVOLENT SOCIETY—FINES—IMPOSITION.

By-laws of unincorporated benevolent society, providing that "all the members are required to go to their duties in a body twice a year, viz., at Easter and Christmas; for not .complying with this order a fine of one dollar will be imposed for each offense"—require affirmative action on the part of the society or its managing committee to make the fine payable.

2. SAME.

Mere entry of the amount of the fine in the books of the financial secretary is insufficient.

3. SAME—NOTICE.
    Under the constitution of an unincorporated benevolent society, providing that the financial secretary "shall keep a correct account of all receipts of the society and notify members of their arrears," a member's rights cannot be forfeited for nonpayment of a fine where he is not notified of its imposition.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Rose Leahy, as administratrix of Nicholas Burns, deceased, against William J. Mooney, as president of the Catholic Benevolent Society attached to St. Martin of Tours Church, Belmont, New York City. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Henry K. Davis, for appellant.
D. S. Voorhees, for respondent.

CLARKE, J. Action brought by the administratrix of Nicholas Burns, deceased, who was at the time of his death, and had been for upward of 15 years prior thereto, a member of the Catholic Benevolent Society attached to St. Martin of Tours Church, Belmont, New York City, an unincorporated association consisting of more than seven members, of which society the defendant, William J. Mooney, was president, to recover the sum of $75 as funeral expenses claimed to be due upon the death of said Burns, under the constitution and by-laws of the society. By article 1 of the constitution it is provided:

"The object of this society is to afford mutual benefit and assistance in cases of sickness or accident, and to give a decent burial to any deceased member, and furthermore to show in our every word and act friendship, unity, and true Christian charity. Friendship in assisting each other to the best of our power; unity in uniting together for mutual support in sickness and distress; true Christian charity by doing to each other as we would wish they should do unto us."

Article 4 of the by-laws is entitled "Benefits." Section 3 thereof provides:

"In case of death of a member the sum of seventy-five dollars shall be appropriated for funeral expenses. In the absence of competent relatives or friends, the president shall take charge of the funeral and keep an account of the expenses."

Article 5 is entitled "Rights of Members, and Duties." Section 3 thereof provides:

"Any member failing to pay his dues, fines, taxes or other assessments or any other indebtedness for the space of three months, will not be entitled to any benefits for three months after paying up such arrears."

Other provisions provide for monthly dues and fines for nonattendance at the quarterly meetings of the society and for not performing religious duties at Easter and Christmas. At the time of his death Nicholas Burns had paid his regular monthly dues, so that there was no period in which his arrears for dues had extended over more than two months. But defendant claims that for nonattendance at a

quarterly meeting and at the Easter and Christmas celebrations he
had incurred fines which had not been paid, and which had been due
and unpaid for more than the period provided in the by-laws, and hence
the right to receive the funeral benefit had been forfeited.

It was in evidence that Burns had been seriously ill for a great part
of the time for two years, and that on the days of the quarterly meet-
ing and Christmas and Easter he had been too sick to leave the house.
It was in evidence also that the society was in the habit of remitting
fines when sickness had prevented attendance. Nevertheless the so-
ciety insists that by the failure of Burns to pay $2 for fines alleged to
be due for more than three months he had forfeited the right acquired
during 15 years' membership of the society to have $75 appropriated
from its funds to help give him decent burial.

The Appellate Division held in Hess v. Johnson, 41 App. Div. 465,
58 N. Y. Supp. 983:

"That constitution is the contract between the parties, and if its provisions
are not illegal, immoral, or contrary to public policy, it must be upheld
whether reasonable or not; for parties have the right to enter into unreason-
able or unwise contracts so long as such contracts are not illegal and are
fairly made. This is the distinction between the case of a voluntary associa-
tion and that of a corporation."

So that if these fines had, in accordance with the provisions of the
by-laws, been legally imposed, the dismissal of the complaint below
was right. Section 2 of article 6 of the by-laws provides: "All the
members are required to go to their duties in a body twice a year, viz.,
at Easter and Christmas. For not complying with this order a fine
of one dollar will be imposed for each offense." This language neces-
sarily implies affirmative action either by the society at large at a meet-
ing thereof, or perhaps by the managing committee whose duties in-
clude the following: "They shall investigate all delinquent cases and
complaints and transact all important business connected with the
society. They can remit fines." By-laws, art. 8, § 5. There is no
evidence that these fines were ever "imposed" by the society or its
managing committee. The mere entry of the amount thereof in the
books of the financial secretary is not enough. Again, section 4 of
article 4 of the constitution provides: "Financial Secretary's Duty.
He shall keep a correct account of all receipts of the society and notify
members of their arrears. He shall collect all initiation fees, dues, fines
and assessments, and pay the same over to the treasurer, taking his
receipt therefor." Not only is the case barren of evidence that these
fines were ever properly imposed upon Burns, but it nowhere appears
that he was ever notified by the financial secretary or any one else
that they had been imposed; and, while it does appear that $2.50 for
dues was collected of his wife shortly before his death, it does not ap-
pear that he was told that any sum was due for fines imposed for
nonattendance at meetings or nonperformance of religious duties. If
such notification had been given, an opportunity would have been
afforded to have applied for remission on the established ground of
physical disability, and said application, in accordance with the proved
custom of the society, would have been granted. The society defends
upon the strict letter of the constitution and by-laws, and cannot be-

heard to complain if the same rigor is applied to prevent a forfeiture. The defense must fail because it does not appear that the fine was properly imposed, and that notification thereof was ever, as provided in the by-laws, given to decedent.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.   All concur.