(54 Misc. 619)

## MAXWELL v. THEATRICAL MECHANICAL ASS'N.

### (Supreme Court, Appellate Term.   June 6, 1907.)

1. BENEFICIAL ASSOCIATIONS—BY-LAWS—VALIDITY.

 The constitution and by-laws of a purely voluntary beneficial association, constitute the contract between the members; and if their provisions are not illegal, immoral, or contrary to public policy, they must be upheld, whether reasonable or not.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Beneficial Associations, § 5.]

2. SAME—ADOPTION—PRESUMPTION.

 Where an amendment to the by-laws of a voluntary beneficial association was adopted at a stated meeting, at which many of the members in good standing were present, and the amendment was passed by many more votes of those present than were required to adopt it, it would be presumed to have been regularly proposed by a competent member of the association, as required by its constitution.

3. SAME—BY-LAWS—VESTED RIGHTS.

 When plaintiff became a member of defendant beneficial association, he subscribed to its constitution and by-laws, which authorized the association to amend the same in a specified manner. *Held*, that plaintiff had no vested rights to benefits by virtue of his membership, except such as accrued prior to a change in the by-laws which would preclude defendant from changing the by-laws with reference to the conditions on which members should be entitled to benefits.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Beneficial Associations, §§ 6, 42, 43, 48.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by James Maxwell against the Theatrical Mechanical Association.  From a Municipal Court judgment in favor of defendant, plaintiff appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Cornelius P. Kitchel, for appellant.

Marx & Byrne, for respondent.

FITZGERALD, J.  The plaintiff appeals from a judgment in favor of the defendant.  The defendant is a voluntary association, which provides for payment of sick and funeral benefits to its members.  The plaintiff became a member in 1887.  What the provisions of the defendant's constitution and by-laws were then does not appear.  Upon the trial there was offered and received in evidence a copy of the constitution and by-laws adopted June 3, 1894, to take effect January 1, 1895, and we will assume that the plaintiff subscribed to such constitution and by-laws.  When adopted, the by-laws (article 10, § 2) provided that every beneficial member, who has been a member for 6 months and is in good standing, who shall become sick, shall be entitled to the sum of $7 sick benefit for every 7 days during the duration of such sickness.  Article 10, § 5, provides that, in case a member shall continue on the sick list for 20 weeks in any one 12 months, no further sick benefits shall be paid, unless, etc.  Article 10, § 6, provides that:

"No member who is indebted to this association to the amount of $1.50 for dues, fines, or other indebtedness shall be entitled to receive benefit money until thirty days after all arrears are paid."

Prior to March 1, 1906, the plaintiff was in arrears for dues. On that day he paid said dues, and on March 16, 1906, was taken ill. The illness continued until June 16, 1906 and plaintiff brought this action to recover the weekly benefit accruing during that time, and the court below rendered judgment in favor of the defendant.

The defendant claims that it was relieved from payment of sick benefits by reason of the adoption in June, 1904, of an amendment to its by-laws, which amendment reads as follows:

"Any member who is indebted to this association to the amount of $1.50 for dues, fines, or other indebtedness shall not be entitled to sick or funeral benefits for any illness which existed or commenced within thirty days after paying up his arrears."

This by-law was passed by virtue of the provisions of article 15. which declares that:

"No amendment shall be made to the constitution and by-laws unless made by a member in good standing, * * * and that no such alteration, amendment, or appeal shall be made without the concurrence of three-fourths of the members in good standing then and there present."

The appellant claims, in substance, that the by-law is unreasonable, and therefore void; that there is no evidence that it was properly and legally adopted by the defendant; that, if enforced, it deprives the plaintiff of a "vested right."

Some confusion has evidently arisen among practitioners regarding the right of the court to determine the question of the reasonableness of a by-law of an association of this character. In a purely voluntary association the constitution and by-laws are the contract between the parties, and, if their provisions are not illegal, immoral, or contrary to public policy, they must be upheld, whether reasonable or not; for parties have the right to enter into unreasonable and unwise contracts, so long as such contracts are not illegal and are fairly made. Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983; Kehlnenbeck v. Logenman, 10 Daly, 447; Ulmer v. Minister, 37 N. Y. Supp. 679, 16 Misc. Rep. 42; Cunniff v. Jamour, 31 Misc. Rep. 729, 65 N. Y. Supp. 317; Saerwein v. Jamour, 32 Misc. Rep. 701, 65 N. Y. Supp. 501; Leahy v. Mooney, 39 Misc. Rep. 829, 81 N. Y. Supp. 360; Shafer v. United Brotherhood of Carpenters, 22 Misc. Rep. 363, 49 N. Y. Supp. 151; Jennings v. Chelsea Division, etc., 28 Misc. Rep. 556, 59 N. Y. Supp. 862; Rubino v. Fraterna Ass'n, 29 Misc. Rep. 339, 60 N. Y. Supp. 461. The courts have invariably distinguished between the by-laws of corporations and those of voluntary associations. "It is a governing rule with regard to corporations that their by-laws must be reasonable, and all which are vexatious, oppressive, or manifestly detrimental to the interests of the corporation are void." Angell & Ames on Corporations, § 347; Cartan v. Father Matthew Ass'n, 2 Daly, 20; Hess v. Johnson, supra; Hart v. Adams Cylinder & Webb Press, 69 App. Div. 578, 75 N. Y. Supp. 110; Kennedy v. Local Union, 75 App. Div. 243, 78 N. Y. Supp. 85. Following these

decisions, therefore, with the question of the reasonableness or un-reasonableness of the by-law under consideration this court has nothing to do. The laws of the society are to be considered in determining the rights of the parties and they are to govern.

There is no question but that the amendment to the by-laws under consideration was adopted at a stated meeting in June, 1904. The plaintiff claims that it was not shown that the amendment was offered by a member in good standing, as required by article 15 of the by-laws. The evidence was sufficient to show that such amendment was adopted at a stated meeting at which many of the members were present, and that such amendment was passed by many more votes of those present than was required in order to make it valid. The presumption is that it was regularly proposed by a competent member of the association (Lawson on Presumptive Evidence, §§ 60 to 67), and it devolved upon the plaintiff to prove otherwise. Moreover, when the defendant attempted to introduce evidence that the member who introduced the amendment was in good standing, such evidence was excluded by objections made by the plaintiff, and he cannot now be heard to complain of such lack of proof,

Was the effect to deprive the plaintiff of any vested right? To answer this question we must consider the rights that were given the plaintiff by virtue of his membership. As before stated, the defendant is a voluntary association, and a member of a beneficial society does not stand in the relation of a creditor to it, and can only claim such benefits as are prescribed by the by-laws at the time he applies for the relief. St. Patrick's Male Soc. v. McVey, 92 Pa. 510. The power to amend the by-law is as much a part of the contract as is the by-law itself. Poultney v. Bachman, 31 Hun, 49. In Stohr v. San Francisco Musical Fund Soc., 82 Cal. 557, 22 Pac. 1125, the court said:

"The term 'vested right' is often loosely used. In one sense every right is vested. If a man has a right at all, it must be vested in him; otherwise, how could it be a right? The moment a contract is made a right is vested in each party to have it remained unchanged, and to have it performed. The term, however, is frequently used to designate a right which has become so fixed that it is not subject to be divested without the consent of the owner, as contradistinguished from rights that are subject to be divested without his consent. * * * In the present case the plaintiff can have no right to have the contract remain unchanged, because, as we have seen, the contract provided that it may be changed. Nor has he a right to remain unaffected by any change that may be made. * * * If the plaintiff had any right which is so fixed that it is not subject to change, we think it can only be to the fruits ripened before the change was made; in other words, to such sums as became due before the new by-law was adopted. This is all that we think can be meant by 'vested right' in a case like the present."

The foregoing words apply to situation at bar. When the plaintiff became a member of the defendant association, he subscribed to the constitution and by-laws, and thus became a party to a contract which gave the association the right to amend its by-laws in a manner provided for therein, and followed when the amendment of June, 1904, was adopted. His right to sick benefits was subject to change or modification by an amendment, and he has consented that such amendment may be made. When we consider that the association remained liable

to its members for at least 60 days, when they are delinquent in payment of dues, a provision that, after payment of arrearages, a member shall carry his own risk for 30 days is not apparently radically unjust.

Judgment affirmed, with costs. All concur.