### WEXNER v. GRUENAPPLE.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

INSURANCE—SICK BENEFIT INSURANCE—ACTIONS FOR BENEFIT—EVIDENCE—SUFFICIENCY.

Where a by-law of defendant lodge provides that sick benefits should be payable only when the physician of the lodge and sick committee represents a member sick and unable to work, a member of the lodge could not recover for sick benefits where the physician of the lodge refused to make the required certificate but certified to the contrary.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Ike Wexner against Daniel Gruenapple, as president of Beer Meisel Lodge, No. 8, Independent Order Brith Abraham. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Herman Weiss, for appellant.
Henry J. Mayers, for respondent.

MILLER, J.   The plaintiff, a member of the defendant lodge, has recovered a judgment for sick benefits for 13 weeks, amounting to $70.   One of the defendant's by-laws, prepared by a committee of which the plaintiff was a member, provided:

"Sick benefit is payable only then when the elected physician of the lodge and the sick committee reports a member sick and unable to work."

The plaintiff does not assert that he was not bound by said by-law, and it is undisputed that the physician of the lodge refused to make the required certificate, but certified to the contrary.   Something is said respecting an appeal to the Grand Lodge, and a decision by that body; but there is no proper proof of such a decision, or of any law of the order respecting its effect.

The judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.