STANTON v. ECCENTRIC ASS'N OF FIREMEN, LOCAL UNION NO. 56 OF INTERNATIONAL BROTHERHOOD OF STATIONARY FIREMEN.

(Supreme Court, Appellate Division, First Department. January 15, 1909.)

1. INSURANCE (§ 760*)—MUTUAL BENEFIT INSURANCE—BY-LAWS—CONSTRUC-
TION.

When decedent became a member of a mutual benefit association, the by-laws required a member to be a member one year and in good standing to entitle his nominee to the benefit payable, and provided that any member who had fallen in arrears and paid up such arrears should not be entitled to benefits until six months from such payment. *Held*, that the by-law did not mean that the benefit need not be paid until six months after the arrears were paid up, but prevented any recovery if a member died within six months after payment of arrears.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1923; Dec. Dig. § 760.*]

2. INSURANCE (§ 693*)—MUTUAL BENEFIT INSURANCE—BY-LAWS—REASONA-
BLENESS.

The by-laws of a mutual benefit association, providing that a member who has fallen in arrears and paid up should not be entitled to benefits until six months elapsed after paying up arrears, is reasonable, being for the purpose of preventing fraud.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1833; Dec. Dig. § 693.*]

3. INSURANCE (§ 693*)—MUTUAL BENEFIT ASSOCIATIONS—BY-LAWS—BINDING
EFFECT.

One becoming a member of a mutual benefit association might be bound by existing by-laws whether they were reasonable or not, having voluntarily contracted to be bound by joining the association.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1833; Dec. Dig. § 693.*]

4. INSURANCE (§ 693*)—MUTUAL BENEFIT ASSOCIATIONS—BY-LAWS—REASON-
ABLENESS.

In determining whether the by-laws of a mutual benefit association are reasonable, it is immaterial whether the association is incorporated or unincorporated.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1833; Dec. Dig. § 693.*]

Appeal from Appellate Term.

Action by Annie Stanton, as administratrix of Michael Crenigan, deceased, against the Eccentric Association of Firemen, Local Union

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No. 56 of International Brotherhood of Stationary Firemen.  From an order of the Appellate Term affirming a judgment for defendant, plaintiff appealed.  Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Edwin V. Guinan, for appellant.

Joseph N. Tuttle, for respondent.

HOUGHTON, J.  The plaintiff appeals by permission from an order of the Appellate Term affirming a judgment in favor of defendant in the Municipal Court of the City of New York.

Plaintiff's intestate was a member of the defendant association, which is an incorporated body, the members of which are entitled to certain mutual benefits, amongst which are the sum of $100 payable to the member's nominee at death, or, at the election of the defendant, to be applied on his burial expenses.  On the 6th of January, 1906, plaintiff's intestate was four months in arrears in payment of his dues, and on that day paid them in full and died 12 days thereafter.  The defendant refused to pay the $100 to the nominee of plaintiff's intestate, which was herself, or to apply the same upon the burial expenses, on the ground that six months had not elapsed after the payment of the dues which were in arrears.

At the time plaintiff's intestate become a member of the defendant association, the two following by-laws were in force and continued in force up to his death.  Section 1 of article 7 read as follows:

"Any member joining this union under the age of 45 years shall at death be entitled to the sum of one hundred dollars;  *  *  *  but must be one year a member and in good standing, this local reserving the right to expend the money on his burial or turn it over to his legal nominee as it sees fit."

Section 4:

"Any member who has fallen into arrears and who pays up such arrears shall not be entitled to the benefit and considerations contained in sections 1 and 2, article 7, until six months have elapsed from date of such payment."

Plaintiff's intestate had been a member of the defendant association for more than a year, but six months had not elapsed from the date of payment of the dues in arrear when he died, and it is upon this ground that the defendant refused to make payment.  The plaintiff insists that the by-law requiring six months to elapse after payment of arrearage dues is unreasonable and unenforceable, or, if it is not, that all that it means is that payment of the $100 need not be made until the six months have elapsed.

Manifestly, the latter contention is unsound.  Nor do we think the by-law is unreasonable.  It was in existence when plaintiff's intestate joined the order and when he fell into arrearage in payment of his dues.  The defendant is not engaged in the business of insurance, but is a corporation organized for the mutual benefit of its members. Whatever funds are raised for the payment of death benefits manifestly must be raised from assessments and dues.  A new member joining the order, who died before he had been a member one year, was not entitled to any death benefit.  The by-law, providing that a

member, who failed to pay his dues, on being reinstated by payment of them should not be entitled to any death benefit if he died within six months after such payment, appears to us to be a wholesome and reasonable regulation. Otherwise, it might happen that a member voluntarily permitted his dues to become in arrear, and, finding that he had but a few days to live, would pay up the arrearage for the purpose of securing the death benefit, and thus in a sense perpetrate a fraud upon his fellow members. To prevent such a thing the by-law very properly provided that any member, who cared so little to preserve his standing in the order as to permit his dues to remain unpaid, should continue to be a member for six months after payment or not be entitled to any death benefit. In this regard, a defaulting member is not treated differently from a new member, but, on the contrary, is entitled to his full benefit after the lapse of six months from payment of the arrearages; whereas, a new member must wait one year after joining the order to obtain the same advantage.

A similar by-law of a voluntary association was held to be a reasonable one in Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983, and in Hart v. Adams Cylinder & Web Press, 69 App. Div. 578, 75 N. Y. Supp. 110. Both the above decisions were by the Appellate Division of the Second Department, and that court, in Kennedy v. Local Union No. 726, 75 App. Div. 243, 78 N. Y. Supp. 85, and in Burns v. Manhattan Brass M. Aid Society, 102 App. Div. 467, 92 N. Y. Supp. 846, drew a distinction between incorporated mutual benefit societies and mutual benefit unincorporated associations, and held that similar by-laws of a corporation were unreasonable. The decision in Cartan v. Father Matthew United Benevolent Society, 3 Daly, 20, is cited as the basis for such distinction. The by-law under consideration in that case provided that any member who should be three or more months in arrears might continue to have a voice in the society on payment of the amount due, but should be deprived of sick benefits for three months after liquidating the same. The learned court concluded that such a by-law was oppressive and detrimental to the interests of the corporation, and one which, if fully understood, would prevent persons from becoming members of the society, quoting the rule with respect to by-laws of corporations to the effect that all by-laws, which are vexatious, unequal, oppressive, or manifestly detrimental to the interests of the corporation, are void. The court finally placed its decision, however, on the ground that it deemed the by-law unreasonable.

While it is true that one who becomes a member of a mutual benefit association might be bound by the existing rules and by-laws whether they were reasonable or unreasonable, because he had voluntarily contracted to be bound by them by joining the association (Maxwell v. Theatrical Mechanical Association, 54 Misc. Rep. 619, 104 N. Y. Supp. 815), still with respect to the reasonableness of a by-law we see no difference between the rule respecting a mutual benefit corporation and a mutual benefit unincorporated association. If it be necessary to draw any distinction between the case under consideration and that of Cartan v. Father Matthew Benevolent Society, supra, such distinction in the present case is found in the fact that a delinquent member and a new member are treated equally, except that the delinquent member

is treated more liberally, in that only six months need expire after payment of dues in arrearage; whereas, one year must expire after joining the order before any benefits accrue on death.

The earlier decision of the Second Department in Hart v. Adams Cylinder & Web Press, supra, commends itself to us as an authority, rather than the later decisions of the same learned court. In that case, in discussing the by-law of a mutual benefit association, Woodward, J., says:

"If it (the by-law suspending beneficial rights after payment of delinquent dues, the same probationary period being provided as to new members) is reasonable as to new members, it would be difficult to suggest a reason why it is not reasonable as to members who have neglected their obligations, and who have been reinstated upon complying with the conditions necessary to put them upon an equal footing with those who have carried the burden through the period of delinquency. These precautions seem to us to be necessary to protect all of the members against fraud, and in the case at bar there would seem to be no reason why the plaintiff should be put in a better position than those who have joined the association and who have not yet passed the six months' probationary period. These mutual benefit associations make only small demands upon their membership, and if it were possible for persons to wait until they were at the verge of death, and then by the payment of a nominal sum be put into position to deplete the treasury, the result would be the failure of all such organizations, and the working of a wrong upon those who have acted in good faith and who have complied with all of the conditions of bona fide membership."

No question of a change of by-laws cutting down the member's right to benefits after he became a member is involved, as was the situation in Parish v. New York Produce Exchange, 169 N. Y. 34, 61 N. E. 977, 56 L. R. A. 149, because both of the by-laws of the defendant in question were in existence when plaintiff's intestate became a member.

The by-law providing that six months must elapse after payment of dues in arrear in order to entitle a member to death benefit being a reasonable one, it follows that the judgments of the Municipal Court and Appellate Term were right, and must be affirmed, with costs. All concur.