ALEXANDER v. PAGE et al.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

INSURANCE (§ 776*)—MUTUAL BENEFIT INSURANCE—BY-LAWS.

 Where the by-laws of defendant lodge provided for the payment of a death benefit to the widow or beneficiary of members, such by-laws constituted a binding contract between the lodge and its members; and the administrator of a member, who died leaving neither widow nor beneficiary, cannot recover the benefit.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1942, 1913; Dec. Dig. § 776.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Alexander, as administrator, against Joseph Page, as president of Hamilton Lodge, and others.   From a judgment for plaintiff, defendants appeal.   Reversed, and judgment entered for defendants.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Wilford H. Smith, of New York City, for appellants.

Louis A. Leavelle, of New York City, for respondent.

COHALAN, J.   The action was brought to recover $100 alleged to be due the plaintiff by reason of the membership of a decedent in the defendant lodge.   Death benefits are paid under the provisions of the following by-law:

 "One year's membership and the payments for all dues, taxes, and fines having occurred against him, in the event of death, his widow or beneficiary may receive as a death benefit the sum of $100."

The case was heard on the pleadings and the by-laws, as a matter of law, and no evidence was introduced except a copy of the defendants' by-laws.   The plaintiff sued as an administrator of the estate of the decedent.   It appears that he was an uncle of the deceased member.   As a matter of law, on the allegations of the pleadings and under the by-laws of the defendant lodge, we do not see how he is entitled to recover.   The by-laws specifically state that no recovery may be had except by the widow or the beneficiary of a deceased member.   Concededly, the plaintiff's intestate neither left a widow nor named a beneficiary.   The by-laws are a binding contract between the lodge and its members.   Hellenberg v. Ind. Order of B'nai Berith, 94 N. Y. 580; Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983.

The judgment appealed from should be reversed, with costs, and judgment entered for the defendant on the pleadings, with costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes