### MESSING v. ORDER OF THE GOLDEN SEAL.

(Supreme Court, Trial Term, Chemung County. July 24, 1915.)

INSURANCE ⬤⇝791—MUTUAL BENEFIT INSURANCE—ACTION FOR BENEFITS.

A membership certificate in a fraternal insurance society, providing a benefit fund from which a member in good standing and upon compliance with the rules might receive loans when totally disabled by sickness, accident, etc., provided, in the application, made a part of the policy, that all applications for loans on account of disability were subject to the approval of the Supreme Medical Examiner and might be rejected or reduced in amount at his option, subject to an appeal to the Supreme Council, whose action thereon should be final, and that the member would not begin any legal proceedings against the order for any

⬤⇝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

loan which he failed to obtain. *Held*, that a member who did not appeal from the action of the examiner, but accepted the amount allowed on her application, could not thereafter sue to recover benefits.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1961, 1962; Dec. Dig. ☞791.]

Action by Mary Messing against the Order of the Golden Seal. Complaint dismissed.

John F. Murtaugh, of Elmira, for plaintiff.

O'Connor & O'Connor, of Hobart, for defendant.

KILEY, J. In the month of November, 1907, the plaintiff made a written application for membership in the defendant, and upon such application received a membership certificate. The defendant is a fraternal insurance society, which provides what is known as a benefit fund, from which a member in good standing, after complying with the rules and regulations of the society, may receive loans when totally disabled by reason of sickness, accident, etc.; said loan to be computed at the rate of $15 a week.

Previous to the year 1912 the plaintiff has applied for and received a loan of $30. On June 24, 1912, she applied for another loan of $240, viz., 16 weeks at $15 a week, claiming she was ill from February 29th to June 20th. Her application was approved by a vote of 7 to 3 in the local camp at Elmira, N. Y. On or about May 30, 1912, the adjuster called on the plaintiff at her home and there had a conversation about her sickness with her, in which he states it was agreed that she should make a claim not to exceed six weeks at $15 per week. On July 19, 1912, her claim was allowed by the defendant for six weeks at $15 a week, and rejected as to the balance.

In plaintiff's application for membership, which was made a part of the policy and a copy of which was printed upon said policy, the following provisions are contained:

"I desire one certificate of membership. * * * In event of death I desire amount paid to Charles H. Messing, husband. As a basis of obtaining a certificate of membership in your order, I do hereby warrant each and all of the answers and statements herein made to be correct and true in all respects. It is distinctly understood by me that the benefits granted on account of membership in this order are those due at death and at maturity of coupons; that all applications for loans on account of disability are subject to the approval of the Supreme Medical Examiner, and may be rejected or reduced in amount at his option, subject to an appeal by me to the Supreme Council, whose action thereon shall be final. I agree to faithfully and fully observe and be governed by the constitution and laws of the Order of the Golden Seal as they now exist, or as they may be enacted hereafter, and, should I be admitted to membership in said order, I will not apply for a loan from its funds on account of any disability which is not just, or which does not totally disable me from following any avocation; and I will accept the decision of the Supreme Medical Examiner, or, if an appeal is made, the decision of the Supreme Council as a final adjustment of my application for a loan on such disability, and that I will not enter into any legal proceedings against the order for any loan which I have failed to obtain. I further agree that I will not enter into any legal proceedings against the order for any claims which I may have until I have first exhausted all remedy of appeal within the order as prescribed by its laws. I further promise that I

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

will do all that is within my power to increase the membership of the order and will endeavor to influence at least three of my friends to join said order during each six-year period."

In Paskusz v. Philadelphia Casualty Co., 213 N. Y. page 22, 106 N. E. 749, Ann. Cas. 1915A, 652, the language of Janneck v. Metropolitan Life Ins. Co., 162 N. Y. page 574, 57 N. E. 182, is quoted, and is as follows:

"Insurance contracts, above all others, should be clear and explicit in their terms. They should not be couched in language as to the construction of which lawyers and courts may honestly differ. In a word, they should be so plain and unambiguous that men of average intelligence who invest in these contracts may know and understand their meaning and import."

Unless the above provisions quoted from the application offend against the rule laid down in 213 N. Y. 22, 106 N. E. 749, Ann. Cas. 1915A, 652, above quoted, I do not see how the plaintiff can recover. It is provided in the application, made a part of the policy:

"That all applications for loans on account of disability are subject to the approval of the Supreme Medical Examiner, and may be rejected or reduced in amount at his option, subject to appeal to the Supreme Council, whose action thereon shall be final."

The plaintiff did not appeal from the action of the Supreme Medical Examiner, but accepted the $90 and brought her action against the defendant. By the provisions of her application as a foundation for her certificate, she agreed that she would not sue, but would be bound by the action of the defendant's proper officer. Does this provision in the policy and application offend further against the rule that the provisions must be fair and reasonable? A rule subject much more to that criticism is quoted in the action of Wexner v. Gruenapple, 127 App. Div. 179, 111 N. Y. Supp. 280. That was a decision of the Appellate Division of the Second Department. It was there held that the plaintiff was bound by that provision of the by-laws. The same holding, in effect, is found in Stanton v. Eccentric Ass'n of Firemen, etc., 130 App. Div. 129, 114 N. Y. Supp. 480.

Plaintiff testified upon the trial that she did not reach any understanding with the adjuster, but the evidence shows that the claim was allowed at the amount which witness Howes testified he agreed upon with plaintiff and she accepted it. She does testify that she accepted it under protest, but I have no hesitation in finding that she agreed to accept six weeks at $15 a week.

For these two reasons alluded to the plaintiff must fail. The evidence is not clear that she was disabled over six weeks, and had a nurse only about two weeks, besides a few days spent in the hospital.

Complaint dismissed, with costs.