TERESA SÁNCHEZ DE ROMÁN, Plaintiff and Appellant, *v.* Asociación de Maestros de Puerto Rico, Defendant and Appellee.

No. 6870. Argued April 14, 1936.—Decided March 9, 1937.

*G. Concepción de Gracia* for appellant. *Virgilio Brunet* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The value of a life insurance policy is sought to be recovered in this case. The facts which motivated this suit

were submitted to the court by a stipulation. Based on said facts and on the provisions of the regulations of the defendant association, the district court dismissed the complaint.

From the statement of the case and opinion of the lower court, we transcribe the following:

"The ancestor of plaintiff in this suit, was a teacher who was a member of the *Asociación de Maestros de Puerto Rico;* on November 1, 1932, she paid her dues which should have been paid on September and October and on the same date she paid in advance those for the months of November and December. In so doing, she made use of the benefits of paragraph 3 of subdivision 4 of section 11 of the regulations which provides that as many as five dues can be paid, without it being necessary to pay the initial quota, but this does not mean, that the association will waive the efficacy of the provisions of the regulations as to the rights that the association may have. There is nothing in the regulations authorizing said waiver; on the contrary the provision is clear; the member does not recover his prior rights, until forty days from the date on which the dues are paid. If payment was made on November 1, the prior rights could not be recovered until forty days from said date, that is, until December 11, and as the predecessor in interest died on December 9, the forty days fixed by the regulations had not elapsed, and hence, her heirs have no right to what they request."

The provisions of the regulations are as follows:

"Section 4.—The fee is ten (10) dollars and will be paid in ten parts; it being understood that if a member so desires he may pay as much as six months in advance; *Provided,* That a committee composed of the President, the Secretary, and the Treasurer of the Association will send each year and during the first school month a circular to the Local Boards informing them the dates on which the members must pay their dues; *And provided further,* That the remittances from the local boards must reach the main office within a period of five days after the expiration of the period of five days of grace.

"If any member should fail to pay his dues on the date fixed, the General Treasurer will request from the member the payment of the dues owed within a period of 15 days from the date on which

the dues should have been paid. If at the expiration of fifteen days from the date of maturity of the dues the member has not paid the same, it will be understood that he waives all his rights in the *Asociación de Maestros de Puerto Rico.*

"As many as five overdue fees may be paid without the necessity of paying the initial fee, but when payment is made of one or more overdue fees the member does not recover his prior rights until forty days from the date of payment; *Provided,* That the local board to which he belonged or of which he wishes to become a member again or the General President in these conditions may require a medical certificate if he so desires."

It is claimed by the plaintiff and appellant that the, provision that a member who paying his overdue fees will not recover his prior rights until forty days from the date on which such payment is made, which if strictly applied to his case defeats his right to recover, is null because it is unreasonable, and hence as Isolina Román at the time of her death was a member of the association in good standing, her heir, the plaintiff, is entitled to receive the insurance which the regulations of the association guarantee to the heirs of the members.

The question involved has been fully discussed in the briefs of the parties and has been carefully studied by us.

There are cases which support the contention of plaintiff and appellant. Thus in the case of *Buecking* v. *Robert Blum Lodge of Odd Fellows,* 1 City Ct. R. 51, as summarized in 6 American Digest, Century Ed. (1658 to 1896), page 2098, it was held:

"Where a beneficial society provides for pecuniary aid in case of the sickness or death of any of its members, in consideration of stated dues paid by the members, a by-law under which members who shall not have paid their dues or arrears within five weeks following the end of the quarter are excluded from all benefits until after the expiration of three months after they have paid their arrears is illegal, because it subjects the member to a quasi penalty after the performance of his duty, and for the prospective period of three months."

In the case of *Brady* v. *Coachman's Benevolent Ass'n,* (City Ct. N.Y.) 14 N.Y. Supp. 272, it was decided that:

"A by-law of a benevolent association providing that a member in arrears for three months' dues 'shall not be entitled to benefits until three months after such arrears shall have been paid,' is unreasonable and inoperative."

But there are also cases contrary to the contention of appellant. In the same State of New York, in the case of *Maxwell* v. *The Theatrical Mechanical Association,* 54 Misc. Rep. 619, it was held:

"Some confusion has evidently arisen among practitioners regarding the right of the court to determine the question of the reasonableness of a by-law of an association of this character. In a purely voluntary association, the constitution and by-laws are the contract between the parties; and, if their provisions are not illegal, immoral or contrary to public policy, they must be upheld whether reasonable or not; for parties have the right to enter into unreasonable and unwise contracts, so long as such contracts are not illegal and are fairly made."

And in Illinois, in the case of *Knights of Ku Klux Klan* v. *First National Bank,* 254 Ill. App. 264, summarized at 5 Current Digest (1930), page 399, the following holding was made:

"Charter and by-laws of fraternal nonprofit corporation constitute contract between corporation and members with which courts will not interfere.

"Charter and by-laws of fraternal nonprofit corporation will not be set aside by construction on ground performance would be inconvenient or unfavorable to corporation or members.

"Charter and by-laws of fraternal nonprofit corporation operate as contract between corporation and members."

The reasoning of the decisions that are contrary to the contention of appellant seems to us to have more weight. The provision of the regulations involved is not illegal, nor contrary to public policy, or immoral; on the contrary, per-

haps its true purpose was to prevent irregularities which in certain extreme situations could result in a real immorality. We think that the district court weighed the facts properly and applied the law correctly.

The judgment appealed from must be affirmed.