TERESA SÁNCHEZ VDA. DE ROMÁN, demandante y apelante, *v.* ASOCIACIÓN DE MAESTROS DE PUERTO RICO, demandada y apelada.

Núm. 6870.—*Sometido:* Abril 14, 1936. *Resuelto:* Marzo 9, 1937.

*G. Concepción de Gracia,* abogado de la apelante; *Virgilio Brunet,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se reclama en este caso el importe de una póliza de seguro de vida. Los hechos que dieron origen al mismo se sometieron a la corte mediante estipulación. Basándose en ellos y en las disposiciones reglamentarias de la asociación demandada, la corte de distrito declaró la demanda sin lugar.

De la relación del caso y opinión de la corte sentenciadora transcribimos lo que sigue:

"La causante de la actora en este pleito, era una maestra acogida a la Asociación de Maestros de Puerto Rico; en 1 de noviembre de 1932 satisfizo sus cuotas atrasadas de septiembre y octubre y en la misma fecha pagó por adelantado las de los meses de noviembre y diciembre. Al hacer esto, se acogió a los beneficios del inciso 3, sección 4, artículo 11 del reglamento que dispone que se pueden pagar hasta cinco cuotas atrasadas, sin que sea necesario pagar la de ingreso, pero esto no quiere decir que la asociación renunciara a darle eficacia a los preceptos del reglamento en cuanto a los derechos que la asociada pudiera tener. Nada hay en el reglamento que faculte a tal renuncia; por el contrario el precepto es ·claro; el asociado no recobra sus derechos anteriores, hasta cuarenta días después de haber efectuado el pago de las cuotas atrasadas. Si el pago se hizo el 1 de noviembre, los derechos anteriores no pudieron recobrarse

hasta cuarenta días después de dicha fecha, o sea hasta diciembre 11; y como la causante falleció el día 9 de diciembre, todavía no habían transcurrido los cuarenta días que señala el reglamento, y por lo tanto, sus herederos no tienen derecho a lo que piden.''

El precepto reglamentario es como sigue:

''Sección 4.—La cuota es de diez (10) dólares y se pagará por décimas partes; entendiéndose que siempre que un asociado así lo desee puede pagar por adelantado hasta un semestre; *Disponiéndose,* que una comisión compuesta por el presidente, el secretario y el tesorero de la Asociación enviará cada año y durante el primer mes escolar una circular a las Juntas Locales indicándoles las fechas en que los asociados deberán pagar sus cuotas; *Y disponiéndose, además,* que las remesas de las locales deberán llegar a la general en el término de cinco días después del plazo de gracia.

''Si un socio dejare de pagar su cuota en la fecha establecida el Tesorero General requerirá del asociado el pago de la cuota adeudada dentro del plazo de quince días a contar de la fecha en que debió haber satisfecho su cuota. Si al término de quince días a contar de la fecha del vencimiento de la cuota el asociado no ha efectuado el pago de la misma, se considerará que renuncia a todos sus derechos en la Asociación de Maestros de Puerto Rico.

''Se podrán pagar hasta cinco cuotas atrasadas sin que sea necesario pagar la cuota de ingreso, pero al hacer el pago de una o más cuotas atrasadas el asociado no recobra sus derechos anteriores hasta cuarenta días después de haber efectuado el pago; *Disponiéndose,* que la directiva local a que pertenecía o de la que quisiera formar parte al reingresar o el Presidente General en estas condiciones podría exigir un certificado médico si lo creyere conveniente.''

Y se sostiene por la demandante apelante que la disposición relativa a que el asociado al pagar las cuotas atrasadas no recobra sus derechos anteriores hasta cuarenta días después de haber efectuado el pago, que aplicada estrictamente a su caso destruye su derecho a reclamar, es nula por irrazonable, y en tal virtud que siendo Isolina Román a su muerte un verdadero miembro de la asociación, su heredera la demandante tiene pleno derecho a recibir el seguro que a los herederos de los miembros garantiza el reglamento de la asociación.

La cuestión envuelta ha sido discutida ampliamente en los alegatos de las partes y ha sido estudiada por nosotros cuidadosamente.

Hay decisiones que sostienen la contención de la demandante apelante. Así en el caso de *Buecking* v. *Robert Blum Lodge of Old Fellows,* 1 City Ct. R. 51, se resolvió que:

"Cuando una sociedad benéfica provee ayuda pecuniaria en caso de enfermedad o muerte de alguno de sus miembros, en consideración al pago de cuotas establecidas, un reglamento bajo el cual los miembros que no hayan pagado sus cuotas o atrasos dentro de las cinco semanas siguientes a la terminación del trimestre son excluídos de todos los beneficios hasta la expiración de los tres meses siguientes al pago de los atrasos es ilegal, toda vez que somete al miembro a una cuasi penalidad luego de haber cumplido con su deber, y por el período venidero de tres meses."

Y en el de *Brady* v. *Coachman's Benev. Assn.* (City Ct. N. Y.) 14 N. Y. Supp. 272, que:

"Un reglamento de una asociación benéfica que provea que cualquier miembro que se atrase tres meses en el pago de sus cuotas 'no tendrá derecho a los beneficios hasta tres meses después de pagarse los atrasos', es irrazonable e ineficaz."

Pero hay también decisiones contrarias a la contención de la apelante. En el propio estado de Nueva York en el caso de *Maxwell* v. *The Theatrical Mechanical Association,* 54 Misc. Rep. 619, se resolvió:

"Entre la profesión ha surgido evidentemente alguna confusión en torno al derecho de las cortes a determinar si el reglamento de una asociación de esta índole es o no razonable. En una asociación puramente voluntaria, la constitución y los reglamentos constituyen el contrato entre las partes, y si sus disposiciones no son ilegales, inmorales o contrarias a la política pública, las mismas deben ser sostenidas ya sean razonables o no; pues las partes tienen derecho a celebrar contratos absurdos e irrazonables, siempre que éstos no sean ilegales y sean celebrados debidamente."

Y en Illinois, en el caso de *Knights of Ku Klux Klan* v. *First National Bank,* 254 Ill. App. 264, se estableció la siguiente jurisprudencia:

"Los artículos de incorporación y el reglamento de una corporación fraternal organizada para fines no pecuniarios constituyen el contrato entre ella y sus miembros, y las cortes no intervendrán con los mismos."

"La carta constitutiva y el reglamento de una corporación fraternal constituída para fines no lucrativos no se dejarán sin efecto mediante interpretación a base de que su cumplimiento causaría inconvenientes y sería desfavorable a la corporación o a sus miembros."

"La carta constitutiva y el reglamento de una corporación fraternal organizada para fines no pecuniarios actúan como un contrato entre la corporación y sus miembros."

Los razonamientos de las decisiones contrarias a la contención de la apelante nos parecen de más peso. La disposición reglamentaria aplicada no es ilegal, ni contraria a la política pública, ni inmoral; al contrario, quizá su verdadero propósito fué el de evitar irregularidades que en ciertas ocasiones extremas podrían llegar a constituir una verdadera inmoralidad. Creemos que la corte de distrito apreció bien los hechos y aplicó la ley correctamente.

*Debe confirmarse la sentencia recurrida.*