## Wilson M. Duggans et al. v. Covenant Mutual Life Ass'n.

1. FORMER DECISIONS—*Followed, etc.*—This case in every essential particular, both of fact and principle, is like the case of Rowell v. The Covenant Mutual Life Association, 84 Ill. App. 304, and the views there expressed are adhered to.

2. BENEFICIARY ASSOCIATIONS—*Not Permitted to Create Estoppels Against Members.*—A beneficiary association can not be permitted to take an advantage of its own wrong so as to create an estoppel against its members, and the fact that it is acting as the trustee of its policy holders puts it in no different attitude.

3. ESTOPPELS—*When They Arise.*—An estoppel can only arise when the conduct of the party is fraudulent in its purpose or unjust in its results; or, where one party willfully causes another to alter his previous position such party is concluded from averring against the other a different state of things.

**Bill to Prevent a Forfeiture of an Insurance Contract.**—Trial in the Circuit Court of McLean County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Decree dismissing the bill; error by complainant. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

ABNER G. MURRAY, attorney for plaintiffs in error.

T. A. MORAN, G. W. WALL and W. C. CALKINS, attorneys for defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by plaintiffs in error to prevent forfeitures of their certificates of insurance and to enforce a specific performance of their contracts made with defendant according to the terms thereof. Upon the hearing the court dismissed the bill for want of equity, and to reverse that decree this writ of error is prosecuted.

The case, in every essential particular, both of fact and principle, is like the case of Rowell v. Covenant Mutual Life Association, 84 Ill. App. 304, and we adhere to the views then expressed and consider it unnecessary to repeat

the statement or the reasoning of the court by which the conclusion was there reached. In the Rowell case the questions arose by demurrer to the bill, while in this, answer was filed and the evidence heard, upon which the question of estoppel against complainants by reason of the continued payment of assessments under different plans and amounts, other than prescribed by the contract, arises with much greater force than did the same question upon the demurrer to the bill in the Rowell case. Upon a consideration of the facts established by the evidence, the successive gradations of increased assessments, the different plans by which they were created until the call No. 149 was reached, most excessive of all the rest, and to which complainants objected, and the further fact that the use of proxies in the votes of the association by which these assessments were authorized or ratified, were not obtained for such use, we are not disposed to hold there was such acquiescence or participation in such acts of the association as to create an estoppel, or from which a waiver could be inferred of the terms of the original contract. We can not conceive, as argued by defendant, that new members were in any manner induced to join the association because of these continued payments; and that any of them had specific knowledge concerning the facts is speculative and imaginary.

In a recent case decided in the Appellate Court of the Second District, Covenant Mutual Life Association v. Tuttle, 87 Ill. App. 309, Mr. Presiding Justice Crabtree, after quoting the definitions of estoppels to the effect that they only arise when the conduct of the party estopped is fraudulent in its purpose, or unjust in its results, or, where one willfully causes another to alter his previous position, the former is concluded from averring against the latter a different state of things, said :

" It certainly can not be said that Tuttle, in paying previous illegal assessments, acted fraudulently, or that he willfully did anything calculated to mislead others to their injury. When he paid illegal assessments, he did so under a moral compulsion, and the threat, implied at least, that if he did not pay, his certificate would be forfeited, and the provision

made for his wife in the event of his death be thereby lost. Did this conduct on his part warrant appellant in increasing Tuttle's assessment tenfold? In other words, can appellant thus be permitted to take advantage of its own wrong?"

In Farmers Fire Ins. Co. v. Knight, 162 Ill. 470, the court declared it was aware of no principle which would preclude a policy holder from calling in question the validity of an assessment, although he may have previously paid assessments which did not conform to law, and that the doctrine of estoppel does not apply to such a case. We think such doctrine wholly inapplicable to the facts of this case. We find nothing in the by-laws of the association, as they existed when the contract was made, as insisted by defendant, permitting a change of such contract, nor can the act of June 22, 1898, be given a retroactive effect, and can not, therefore, in any manner impair pre-existing contracts, as would seem to be implied from the argument before us. Moore v. Guaranty Fund Life Ass'n, 178 Ill. 202; Voight v. Kersten, 164 Ill. 314.

It is also urged as a reason against the specific performance of the contract as made, that the original plan of *post mortem* assessments adopted by the society have proved a failure and that the association would become bankrupt if it continued upon the original plan. This point stands upon a faulty construction of the contract, and assumes the association was thereby bound to pay a specified sum of money, absolutely and at all events, when in truth it is only bound to levy an assessment upon its members, and pay to the beneficiary such amount as would thereby be produced, not exceeding the sum named in the certificate. The contract is valid and binding, and susceptible of enforcement to the extent of the benefits that it will actually produce.

Upon the authority of Rowell v. Covenant Mutual Life Association, *supra*, the decree of the Circuit Court will be reversed and the cause remanded, with directions to that court to enter a decree in conformity to the prayer of the bill. Reversed and remanded.