ALBRECHT *v.* PEOPLE'S LIFE & ANNUITY ASS'N.

1. Benefit Societies—Sick Benefits — Nonpayment of Assessments—Forfeiture of Membership.

   A contract of membership in a benefit association provided for the payment to the member of a certain sum monthly in case of total disability; also that nonpayment of an assessment when due should operate to suspend him from all benefits of the association. The member became totally disabled while in good standing, such disability continuing until his death. *Held,* that his membership was not forfeited because of the nonpayment of an assessment falling due during the period of such disability, the amount of which was less than his credit with the association for accrued benefits.

2. Same.

   The fact that such disability had not existed for a month at the time the assessment became due, so as to entitle the member to a month's benefit, was unimportant.

Error to Wayne; Carpenter, J. Submitted January 10, 1902. Decided February 11, 1902.

*Assumpsit* by Ella Albrecht and Walter Albrecht, by next friend, against the People's Life & Annuity Association, on a benefit certificate. From a judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed.

*Hayes & Lawson* (*B. T. Jones,* of counsel), for appellant.

*Palmer & Palmer*, for appellees.

HOOKER, C. J. On July 26th, one Albrecht received a serious injury, causing total disability, both legs being broken. He was taken to a hospital, where he died on the 13th day of August following. At the time of receiving his injury he was a member in good standing of the defendant corporation, a mutual life association. His certificate or policy provided that:

"In consideration of the premises, and of the further payment to this association of each and all future monthly assessments as provided in the constitution and laws, the People's Life & Annuity Association agrees and promises to pay Ella and Walter Albrecht, related to said member as children, the sum of $25 per month, until the full amount of $2,160 has been paid, less any and all amounts that may have been paid to said member during his life, at which time this certificate shall and will become null and void. * * *

"In case the said William F. Albrecht shall become totally disabled as a result of sickness, accident, or old age, the People's Life & Annuity Association agrees and promises to pay said member the sum of $25 per month during such disability, until the entire amount named in this certificate has been paid out, when the same shall and will become null and void.

"In case of failure to pay any monthly assessment on or before the last working day of each month, this certificate shall, ten days after such failure to pay, lapse, and become null and void."

The laws of the association provide:

## "LAW 2.
### "ASSESSMENTS.

"SECTION 1. Each and every member shall be required to pay one assessment per month, as follows: First rate members, $1.00. Second rate members, $2.00. * * * A member failing to make such payment within the month in which it is due shall stand suspended from all benefits of the association.

"SEC. 2. A member so suspended may, at any time within ten days from the date of such suspension, reinstate himself by making application upon the form prescribed for that purpose, certifying that he is in good health, etc., and paying the amount charged against him. Such member shall stand reinstated without ballot. Any member failing to reinstate himself within the prescribed time can only be admitted as a new member, and when so admitted shall receive a new certificate from the date of readmission, and the original certificate must be surrendered to the secretary of the general assembly.

## "LAW 3.
### "TOTAL DISABILITY.

"SECTION 1. Any member becoming totally disabled by reason of sickness, accident, or helpless old age, and so declared by three competent physicians, one of whom shall, if possible, be the medical director of the association, shall be entitled to $25 per month during such disability, until the entire amount named in the certificate has been paid out, when the certificate shall and will become null and void. * * * These amounts are payable to the beneficiaries at the rate of $25 per month, until the entire amount named in the certificate, less any and all amounts that may have been paid to the member during life, has been paid out."

After his death, the plaintiff, as guardian for the children, brought this action. The defendant claimed upon the trial that the policy was forfeited, for the reason that the July assessment was not paid. The court submitted the question whether or not the July assessment had been paid, and the jury found that it had been. The trial judge felt it his duty to decline to permit a judgment to rest upon this verdict, which we think that he was right in

saying was contrary to the evidence in the case, and we think that he would have been justified in refusing to submit that question to the jury.   He thereupon directed a verdict in favor of the plaintiff for $140 (the amount due when the action was commenced), on the ground that the obligation to pay assessments was suspended during the period of total disability.   The defendant has brought error.

On July 26th this member was disabled, and became entitled to receive $25 a month during his total disability, which continued until his death.   These benefits were not paid, yet the defendant alleges, as a reason why it should not pay them, the failure of the assured, though totally disabled, to pay his dues on or before July 31st.   The payment by him personally is shown to have been a physical impossibility.   Whether or not he was in a mental condition to *cause* it to be done does not appear.   We can imagine a case where the assured might not be able to attend to such an obligation, or cause another to do so for him,—as where moribund or unconscious.   This contract should have a reasonable construction, and one which recognizes the rule that forfeitures are not favored; and we are of the opinion that, if this contract entitled the company to demand payment of membership dues or assessments after this disability arose, it was not contemplated that a forfeiture should be enforced for nonpayment during the period of disability, *when at the same time there was money in the hands of the company belonging to the assured exceeding the amount of dues.*   Such was the view taken of this question in the case of *Columbian Relief-Fund Ass'n* v. *Hopper*, 24 Ind. App. 169 (53 N. E. 1051).   The question is discussed at length in that case, and we need not repeat what can as well be read there. We think a construction such as defendant urges unconscionable, and we think this case readily distinguishable from cases where there is a clear delinquency, which the assured, though powerless to avoid, has contracted against, and where the company has no funds belonging to the assured in its hands which it can apply.

We think there is no merit in the very technical point that, at the time when the July payment became due, the disability had not lasted a month. It had lasted so long that the company would have been safe in making the application of a sufficient sum to pay the assessment. If, as the defendant's counsel intimate, it was not aware of the situation because no one had demanded payment or application, it has not suffered thereby. Perhaps there was no one to make demand or payment. Had there been, probably the payment would have been made, and this defense made impossible.

We have not now before us the question of what Mr. Albrecht's *status* as to membership would have been had he recovered, and have no occasion to pass upon it. We are satisfied that this contract should not be held to contemplate that the sick and death benefits of a moribund or helpless person should be forfeited for the nonpayment of current dues, when he has a credit with the company sufficiently large to pay them.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.