CHAS. YOUNGHOE v. THE GRAIN SHIPPERS' MUTUAL FIRE INSURANCE ASSOCIATION, Appellant.

**Mutual fire insurance:** COLLECTION OF ASSESSMENT: ESTOPPEL. 1 Where an agent of a mutual insurance company, having authority to collect contingent fees, collected a fee in excess of the legal one on an agreement with assured that he would not be liable for any further premium during the first year of the policy, and the amount thereof turned over to the insurance company exceeded the amount which it would have received if the legal contingent fee had been charged, and thereafter an assessment was made not greater than the excess over the legal contingent fee in the hands of the company; it is held, that the association could not defend a suit on the policy on the ground of nonpayment of the assessment, as it was estopped to deny the agent's authority to collect the excessive contingent fee, and had funds in its hands to satisfy the assessment.

**Mutual insurance:** NOTICE OF CONDITIONS. Where the delivery of 2 an insurance policy and the payment of a contingent fee are contemporaneous acts, the assured is not chargeable with knowledge of the provisions of the policy at the time the fee was paid.

**Nonpayment of assessments:** FORFEITURE OF POLICY. Where an in- 3 surance company has funds in its hands belonging to the assured sufficient to pay an assessment, it cannot declare a forfeiture of the policy for nonpayment of such assessment.

*Appeal from Franklin District Court.*— HON. W. D. Evans, Judge.

FRIDAY, JANUARY 13, 1905.

SUIT in equity on a policy of fire insurance. There was a judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Will E. Johnston,* for appellant.

*J. H. Scales,* for appellee.

SHERWIN, C. J.— The appellant is a mutual association incorporated in this State. A. D. Long was its local soliciting agent at Parkersburg, Iowa, and took the plaintiff's written application for insurance therein to the amount of $400. He was authorized to collect contingent fees on all policies issued by the association, and to retain a certain per cent. thereof. The remainder went to the defendant. The application was for a four-year policy, and the fee that could properly be charged therefor was $6. Long, however, agreed with the plaintiff that a payment of $12 should be made when the policy issued, and that no further payment should be demanded during the first year of the policy. There was a notation on the application, when it went to the appellant, that a contingent fee of $12 had been paid. The appellant made no objection thereto, and when the policy was drawn at the company's home office the same notation was made thereon at first, but it was subsequently erased, and $6 noted as the contingent fee paid. The $12 was in fact paid to Long, and $6 of the amount was actually received by the appellant. The plaintiff suffered a loss about nine months after the policy issued, and, having failed to pay an assessment of $3 made two months prior thereto, the appellant contends that it is not liable.

1. COLLECTION OF ASSESSMENTS: estoppel.

That the appellant had notice of the amount paid by the plaintiff to Long cannot be well questioned. In fact, it appears that it received a part of the excess fee paid. By the terms of its contract with Long, he was to receive 60 per cent. of the contingent fees collected, as his commission, the balance of which went to the appellant. Had he collected only the legitimate fee of $6, the appellant would have received less than $3 as its share thereof, whereas it in fact received $6. Long, as its agent, had authority to take the application and deliver the policy, and, to collect the contingent fee authorized by its charter and by-laws. In charging and collecting a contingent fee of $12, he was acting within the apparent scope

of his authority, at least; but, if this were not so, the appellant knew the amount that was in fact paid, and, by accepting the application and issuing the policy, it ratified. Long's act, and cannot now be permitted to say that it was beyond the scope of his power as its agent. *McArthur, Adm'r, v. Ins. Ass'n,* 73 Iowa, 336; *St. P. F. & M. Ins. Co. v. Sharer,* 76 Iowa, 282.

It is contended, however, that the plaintiff was charged with knowledge of the amount of the contingent fee which might lawfully be charged for his policy, and of the provisions of the appellant's charter and by-laws; and this because it was a mutual association, of which he was a member. But there was nothing in his application which gave him any information on the subject. The payment of the fee and the delivery of the policy were contemporaneous acts, and upon the completion of that transaction he became a member of the association, and not before. He was therefore not a member thereof charged with knowledge of its by-laws when the payment was made to Long.

*2. MUTUAL INSURANCE: notice of conditions.*

While the plaintiff was bound to pay the assessments provided for by the terms of his policy, there was no inhibition on the advance payment thereof; and we apprehend that the deposit with appellant of a sufficient sum of money to meet future assessments would not be illegal, and that, while the association had sufficient funds in its hands to cover an assessment, no forfeiture of the policy could be declared because of a failure to pay such assessment. The trial court rightly held that the appellant had funds in its hands belonging to the plaintiff, and that it should have applied a part of the same on the assessment of July.

*3. NONPAYMENT OF ASSESSMENT: forfeiture of policy.*

The judgment is therefore *affirmed.*