| 129 | 655 |
| f132 | 529 |
| 133 | 378 |
| 133 | 381 |

EDWARD HETZEL, Guardian, etc., Appellant, v. KNIGHTS AND LADIES OF GOLDEN PRECEPT, ET. AL.

**Mutual Benefit Associations:** ADVANCE ASSESSMENT: APPLICATION OF SAME. The advance mortuary assessment paid by a member of a mutual benefit association on joining the society, cannot be applied on an assessment levied prior to his membership, under regulations requiring new members to pay an advance assessment and providing that death losses shall be paid from equal contributions of the members.

**Same.** A rule that each new member of a mutual benefit association shall pay an advance assessment does not require him to keep an advance assessment continually paid up.

*Appeal from Scott District Court.*— HON. JAMES W. BOLLINGER, Judge.

TUESDAY, FEBRUARY 13, 1906.

SUIT in equity praying that an assessment be made for the payment of a benefit certificate issued by the defendants. Judgment for the defendants, from which the plaintiff appeals.— *Reversed.*

*Cooper, Clemans & Lamb* and *Ely & Bush,* for appellant.

*L. F. Sutton,* for appellees.

SHERWIN, J.— The defendant is a fraternal beneficiary society incorporated under the laws of this State with its principal place of business at Clinton, Iowa, and with a subordinate lodge, known as Olive Lodge No. 42, at Davenport, Iowa. On August 12, 1901, Norvile J. Pervier made formal application to Olive Lodge for membership in the association and on the 16th of August, 1901, he was received and admitted to full membership therein, and there was issued to him a benefit certificate for $1,000, payable to Norville C. Pervier his son, the appellant's ward. Norville J. Pervier died on the 20th of December, 1901. The appellee's defense to this action is based on an alleged failure on the part of Norville J. Pervier to pay an assessment of $1 alleged to have been made on the 1st day of November, 1901, and called assessment No. 30, and further, on a failure to pay 50 cents quarterly dues due October 1, 1901.

The law of the society provided for a forfeiture of all rights under the certificate if there was a failure to pay assessments in accordance with the terms thereof, and the trial court found there had been a forfeiture because of the nonpayment of assessment No. 30. There is no serious con-

tention between counsel as to the law applicable to the case.

1. MUTUAL BENE-
FIT ASSOCIA-
TIONS: advance
assessment:
application of
same.

The real question in the case is whether an advance payment required by resolution of the directors, and paid by the deceased at the time he became a member, could be applied to the payment of a mortuary assessment levied before he applied for membership. The resolution is as follows: " Resolved, that all new members admitted during the continuance of these resolutions shall pay one advance mortuary assessment at the time of joining the order." At joining, Pervier paid all fees and dues required, and in addition thereto the advance assessment required by the resolution. On July 18, 1901, a special assessment to cover mortuary losses was levied, which was due August 1, 1901. This was known as assessment No. 28, and Pervier's advance payment was applied by the secretary of the local lodge to the payment thereof. The by-laws of the association provided that funds to pay death losses should be raised by equal contribution from " members," and it is clear that Pervier was not liable for assessment No. 28 unless his contract with the association so provided, or unless he consented to have the advance payment made by him so applied, and the record nowhere shows that he did so consent. But if he knew of the resolution, there is nothing therein indicating a purpose to violate the fundamental law of the order, and by so doing to make him liable for a previous assessment. The language of the resolution will bear no such construction. It provides for the payment of " one advance mortuary assessment," and this clearly means an assessment which shall thereafter be made. In the absence of an agreement to become so, the law will not make a new member liable for a previous assessment. *Newman v. Association*, 76 Iowa, 56; *Collins v. Ins. Co.*, 96 Iowa, 216; *Dishong v. Association*, 92 Iowa, 163; 2 Bacon on Benefit Societies, section 378 (3d Ed.)

The appellee practically concedes that the advance assessment paid by Pervier could not be applied on the

previous assessment, but contends that the resolution in effect
required one advance payment to be always on
2. SAME.    hand. But the resolution does not so say, nor
do we find any provision of the by-laws requiring it. Assess-
ment No. 29 was levied, called for, and paid, and the appellee
still held the advance payment when assessment No. 30 was
levied. It was sufficient to pay the assessment, and a court
of equity will not permit a forfeiture under such circum-
stances. *Younghoe v. Ins. Ass'n,* 126 Iowa, 374. This dis-
poses of the proposition on which the appellee relies for an
affirmance, and, as it is controlling, we need not discuss
other points relied on for a reversal.

The judgment is reversed, and the case remanded for
proceedings not inconsistent with this opinion.— *Reversed.*