133  375
f132  529
133  381

133  375
f140  650

Anna Rambousek, Appellee, v. Supreme Council of Mystic Toilers, Appellant.

Mutual benefit associations: FORFEITURE FOR NON PAYMENT: ADVANCE ASSESSMENT: BURDEN OF PROOF.  A member of a mutual benefit association is not delinquent for failure to pay an assessment so long as the association retains an advance assessment unapplied; and the burden of establishing a forfeiture for non payment is upon the association.

Recovery of funeral and monument expenses.  Where there is no showing that the conditions upon which a beneficial association agreed to pay certain sums for funeral expenses and for a monument at the grave of deceased a recovery therefor should not be decreed.

*Appeal from Linn District Court.*— Hon. W. G. Thompson, Judge.

Tuesday, April 10, 1906.

Rehearing Denied, Thursday, February 14, 1907.

The opinion states the case.— *Modified* and *affirmed.*

*Jamison & Smith,* and *E. E. Collins,* for appellee.

*Sager & Sweet* and *Cooper, Clemans & Lamb,* for appellant.

Weaver, J.— This action was begun at law to recover the amounts of two beneficiary certificates issued by the de-

fendant, a beneficiary association doing business under the laws of this State, upon the life of one Joseph Rambousek. The defendant admits the issue of the certificates, but denies liability, upon the ground that Rambousek was not a member of the association in good standing at the date of his death, November 5, 1900. This claim is based on the alleged fact that a beneficiary assessment known in the record as assessment No. 4, payable October 1, 1900, had been duly levied under the date of September 22, 1900, and that Rambousek had failed to pay the same within the month of grace provided therefor, whereby, under the laws and rules of the association, he became and was suspended from the privileges and benefits of membership therein. On the issue thus joined there was a trial and judgment for the plaintiff, but on appeal to this court a new trial was granted. *Rambousek v. Mystic Toilers,* 119 Iowa, 263. After the cause was remanded to the district court, the petition was amended, and thence forward the issue was treated and considered as in equity. Upon the second trial the court again found the plaintiff entitled to recover, and ordered defendant to make an assessment on its membership for her benefit. The defendant again appeals.

By the rules of the association it was a condition precedent to the admission of a member that he should pay a certain membership fee, a per capita tax, a certificate fee, and should deposit with the proper officer of the association the amount of one benefit assessment in advance, and in order to maintain his good standing, and preserve the validity of his benefit certificate, it was his duty, among other things, to pay each assessment duly made upon him, within the month for which it might be called. Joseph Rambousek applied for membership July 9, 1900, and was admitted thereto July 21, 1900, making the usual advance payments. From the time of his entrance into the association in July, 1900, to his death on November 5th, thereafter, but two assessments

1. MUTUAL BENEFIT ASSOCIATIONS: forfeiture for non-payment: advance assessment: burden of proof.

were levied upon its members. Of these the first, known as "No. 3," was called July 22, 1900, and was by its terms expressly limited to those members who had received certificates on or prior to July 1, 1900. The other of said two assessments is the one already mentioned as having been called September 22, 1900, and known as "No. 4." This assessment was levied upon all members holding certificates on September 1, 1900, and became payable October 1, 1900. By the laws of the association any member liable to this assessment, who failed to pay the same during said month of October became suspended, and his subsequent death, without reinstatement, would create no liability on part of the association to his beneficiary. Was Joseph Rambousek delinquent upon assessment No. 4? This is the decisive question in this case. If he was, then the district court's decree was wrong, and should be reversed; but if he was not, then it should be affirmed.

The appellee denies the alleged delinquency. It is alleged on her part that, after assessment No. 4 was called, said member did pay the amount called for to the proper officer of the local lodge or society. On this contention the evidence is by no means clear. There are several circumstances tending to show that such payment was made, and while other circumstances point to the opposite conclusion, yet, in view of the fact that the burden of showing the suspension of the member or forfeiture of the benefit is upon the defendant, and that the trial court had the witnesses in person before it, we are slow to reverse its conclusion from a reading of the printed record. It is not necessary, however, that we dispose of the case upon this particular issue. Joseph Rambousek, upon entering the defendant association, placed in its hands the amount of one advance assessment. He was not liable upon assessment No. 3; for, as we have seen, that assessment was expressly limited to the members holding certificates July 1, 1900. Hence assessment No. 4 was the only one on which said member was or could be made

liable between the date of his certificate and the date of his death, and against this assessment the association held his advance payment. He was therefore not delinquent, and the certificates are valid and enforceable in the hands of his beneficiary.

We do not stop to discuss the various stipulations of the certificate or the several provisions of the laws and rules of the association, for the reason that in two very recent cases this court has had occasion to construe similar benefit contracts, and in each case has reached a conclusion opposed to the position of the appellant herein. See *Hetzel v. Knights and Ladies of Golden Precept,* 129 Iowa, 655; *Arrison v. Mystic Toilers,* 129 Iowa, 303. These cases are directly in point with the one at bar, and, as we are not prepared to overrule them, the right of the plaintiff to recover herein cannot be denied.

There is one respect, however, in which the decree of the trial court must be modified. In addition to the principal benefit payment mentioned in the certificates, there is found a provision by which, on compliance with certain conditions named in the constitution and by-laws of the association, the defendant undertakes to pay the sum of $100 for funeral benefits, and a like sum for a monument at the grave of the deceased member. The decree from which appeal has been taken includes a recovery in favor of plaintiff on both of these items. Without extending this opinion to set out the conditions upon which these payments are promised, we have to say there is no showing whatever that such conditions have been complied with, and in our judgment the including of said sums in the decree was erroneous. It is therefore ordered that the decree of the district court be modified by deducting or striking from the amount of plaintiff's recovery the items included therein for funeral benefits and monument, and, as thus modified, that it be affirmed. The cost of

2. RECOVERY OF FUNERAL AND MONUMENT EXPENSES.

printing fifteen pages of the record will be taxed to the appellee, and the other costs taxed to the appellant.— *Modified* and *affirmed.*