CLIFFORD *v.* CATHOLIC MUTUAL BENEFIT ASS'N.

1. INSURANCE—LIFE INSURANCE—BENEFICIAL ASSOCIATIONS — FOR-
    FEITURE—NONPAYMENT OF DUES.
    A mutual benefit association may not declare a forfeiture
    of the policy of insurance where it has in its hands money
    belonging to the policyholder sufficient to pay and dis-
    charge the dues and assessments when due and payable.

2. SAME—ACQUIESCENCE—ESTOPPEL—FORFEITURE.
    Nor may it invoke the doctrine of acquiescence and estoppel
    to work a forfeiture of the policy of insurance where it
    has in its hands money it has unlawfully exacted suffi-
    cient to make all payments due upon the policy, even
    though considerable time has elapsed since the unlawful
    exaction.

3. TRIAL—INSTRUCTIONS—CHARGE AS WHOLE.
    In an action on a mutual benefit policy, claimed by the
    defendant association to be forfeited for nonpayment of
    dues, the use by the trial judge of the word "abhor," in
    explaining to the jury that forfeitures are not favored
    either at law or in equity, while unfortunate, *held*, not
    reversible error where the charge as a whole fully pro-
    tected the rights of defendant.

Error to Wayne; Hunt (Ormond F.), J.   Submitted
October 31, 1919.   (Docket No. 115.)   Decided De-
cember 23, 1919.

Assumpsit by Josephine Clifford against the Catho-
lic Mutual Benefit Association on a policy of insur-
ance.   Judgment for plaintiff.   Defendant brings er-
ror.   Affirmed.

*Keena, Lightner, Oxtoby & Hanley,* for appellant.

*Wm. Henry Gallagher* and *Francis T. McGann,* for
appellee.

FELLOWS, J.   For nearly 30 years Thomas B. Clifford was a member of branch No. 1 and held a policy of insurance in the sum of $2,000, issued by the defendant, Catholic Mutual Benefit Association. His wife, Josephine Clifford, the plaintiff, was named as beneficiary. He died December 13, 1916. This action is brought by her to recover on such policy. The defense is that Mr. Clifford was not a member in good standing at the time of his death in that he had failed to pay an assessment of $2.50 and dues of 30 cents, both of which were due and payable during the month of November, and for failure to pay which, it is claimed, he automatically stood suspended. It appears from the testimony of the plaintiff that in the main the payments were made by her and she testifies to a number of occasions covering a period of years when she was required by the financial secretary to pay, and did pay, sums in excess of the lawful assessments, dues, and fines; she testifies that she was told she would have to pay the amounts demanded or get out. The items of overpayment testified to by her aggregate $5.05. It is not claimed that the financial secretary was not the agent of defendant or that he was not the proper party to whom payment should be made. These overpayments are denied by the officers of the association, but an auditor called as a witness by defendant, after auditing its books, testifies to an overpayment of dues during a period of 11 years of $1.20. Summarized, there was testimony from which the jury would be authorized in concluding that plaintiff had overpaid the sum of $5.05 of which $1.20 had been applied to and was an overpayment on the dues of the local branch. This would leave in the hands of the defendant $3.85 belonging to Mr. Clifford which had not been appropriated to the payment of dues. The plaintiff's right to go to the jury and to

recover was sustained in the trial court on the authority of *Albrecht* v. *Annuity Ass'n,* 129 Mich. 444, and a verdict rendered and judgment had for the amount of the policy with interest. The errors assigned and principally argued relate to the refusal of the court to direct a verdict. Error is also assigned and argued on a portion of the charge. No other assignments of error are urged in defendant's brief.

We do not think the question of payment to an unauthorized agent is before us upon this record. While it is undisputed that the financial secretary, Mr. Stevenson, was the proper officer to whom payment should be made, and that one of the payments was made to a Mr. O'Rourke, the recording secretary, still the testimony discloses that Mr. Stevenson was the one who fixed the amount to be paid, plaintiff was directed to make the payment to the recording secretary with the statement that it would be turned over to Mr. Stevenson, and when she afterwards talked with Mr. Stevenson about it, he did not deny receiving the money but claimed that she owed it.

Nor have we the case before us, at least not undisputedly so that we could dispose of it as a matter of law, of overpayments of *dues,* to a subordinate lodge, which are sought to be applied to the extinguishment of *assessments* levied by, and payment to, the supreme body. If Mrs. Clifford had made overpayments of $5.05 to defendant's agent, and but $1.20 had been applied, and improperly applied, to the payment of dues, manifestly she had overpaid the sum of $3.85, which was still in the hands of defendant's agent.

While counsel for defendant lays greater stress on the question which we shall presently discuss, an examination of the authorities cited by him would indicate a claim that the rule laid down by this court in *Albrecht* v. *Annuity Ass'n, supra,* ought not to be followed in the instant case and that the principle in-

volved in that case should not be extended. The contention of the plaintiff is that defendant, a mutual benefit association, may not declare a forfeiture of the policy of insurance where it has in its hands money belonging to the policy holder sufficient to pay and discharge the dues and assessments when due and payable. We think the contention of plaintiff's counsel finds support in the *Albrecht Case,* and that it is in consonance with the great weight of authority. See *Girard Life Ins. Co.* v. *Mutual Life Ins. Co.,* 97 Pa. St. 15; *Elliott* v. *Grand Lodge,* 2 Kan. App. 430 (42 Pac. 1009) ; *Fraternal Aid Ass'n* v. *Powers,* 67 Kan. 420 (73 Pac. 65) ; *Knight* v. *Supreme Council,* 6 N. Y. Supp. 427; *Brady* v. *Benevolent Ass'n,* 14 N. Y. Supp. 272; *Supreme Lodge O. M. P.* v. *Meister,* 204 Ill. 527 (68 N. E. 454) ; *Knights Templars Indemnity Co.* v. *Vail,* 206 Ill. 404 (68 N. E. 1103) ; *Price* v. *Brotherhood of R. R. Trainmen,* 116 Minn. 275 (133 N. W. 793) ; *Columbian Relief Fund Ass'n* v. *Hopper,* 24 Ind. App. 169 (53 N. E. 1051) ; *Rambousek* v. *Supreme Council,* 133 Iowa, 375 (106 N. W. 947) ; *Clark* v. *Traveling Men's Ass'n,* 156 Iowa, 201 (135 N. W. 1114, 42 L. R. A. [N. S.] 631) ; *Supreme Council C. K. A.* v. *Fenwick,* 169 Ky. 269 (183 S. W. 906); *Supreme Council C. K. A.* v. *Wathen,* 179 Ky. 64 (200 S. W. 320) ; Niblack on Accident Insurance & Benefit Societies (2d Ed.), § 271; 14 R. C. L. p. 965.

The claimed overpayments were small amounts and extended over a considerable number of years. Plaintiff testifies that she repeatedly importuned the financial secretary to put them on her book; the book was used in place of a receipt and showed the amount credited for both dues and assessments. It is the claim of defendant that there was an acquiescence by plaintiff, and that she is now estopped from insisting in this action that such payments were overcharges, overpayments that should at this late date be applied to

the payment of the November dues and assessments. It is pointed out that the dues and assessments were payable monthly, and that after the entry had been made in her book it was returned to her and she could see the credits made, and that, if she claimed or thought she was entitled to further credits, she should not have permitted the matter to stand for a period of years; defendant's counsel cites cases dealing with an account stated, and cases analogous to those dealing with an account stated; he also cites insurance cases from other jurisdictions which by analogy are thought to be applicable here. But we do not think these cases are controlling in the instant case. While there is some language in the prevailing opinion in *Ancient Order United Workmen* v. *Moore*, 1 Ky. L. R. 93, giving support to defendant's claim, a very recent speaking of that court in *Supreme Council C. K. A.* v. *Fenwick, supra,* in unmistakable language denies the application of the doctrine of estoppel to a case quite similar to the one in hand. In that case an invalid amendment had been made to the by-laws of the association increasing the assessments. The member paid them for a number of years. Upon his death it was insisted that by the collection of the illegal assessments the association had in its hands sufficient funds to discharge the amount legally collectible. On behalf of the company it was insisted that the doctrine of acquiescence and estoppel should be applied. It was said by the court:

"But it is insisted that the defense of estoppel is available in this case because the insured acquiesced in the increased assessments and paid them for a number of years. On this point, however, the authorities do not differ, and the rule is well established that the mere fact that the holder of a certificate of a benefit association pays illegal assessments levied against his certificate in violation of his contract, rather than take the possible chances of having his

certificate forfeited, does not estop him or his beneficiary from questioning the legality of subsequent similar assessments (citing authorities). The basis of such holding is that the certificate holder, by making such payments, cannot be said to have acted fraudulently or willfully to have done anything to mislead others to their prejudice."

In *Clark* v. *Traveling Men's Ass'n, supra,* there had been an illegal exaction by the association and it was sought by the defendant to apply the doctrine of acquiescence; this the court refused to do, saying:

"There can be no acquiescence without full knowledge; nor will the doctrine be applied in aid of a forfeiture where an illegal exaction has been made."

See, also, *Benjamin* v. *Life Ass'n,* 146 Cal. 34, 49 (79 Pac. 517); *Supreme Council C. K. A.* v. *Logsdon,* 183 Ind. 183 (108 N. E. 587); *Covenant Mutual Life Ass'n* v. *Tuttle,* 87 Ill. App. 309; *Duggans* v. *Life Ass'n,* 87 Ill. App. 415; *Fort* v. *Legion of Honor,* 146 Iowa, 183 (123 N. W. 224).

We conclude that defendant may not invoke the doctrine of acquiescence and estoppel to work a forfeiture of this policy of insurance where it has in its hands money it has unlawfully exacted sufficient to make all payments due upon the policy, even though considerable time has elapsed since the unlawful exaction. The trial judge did not err in refusing defendant's motion for a directed verdict.

Error is assigned on a portion of the charge in which the trial judge used the expression, "I can in a general way say the law does abhor forfeiture," particular stress being laid on the use of the word "abhor." While the trial judge could possibly have found a less objectionable word to express the thought that forfeitures are not favored either at law or in equity (*Lyon* v. *Insurance Co.,* 55 Mich. 141), when we take the charge as a whole, as we must do, the rights of

the defendant were fully protected and the jury was told on more than one occasion that plaintiff could not recover if the insured was in default, that he was bound by the laws of the order and so was his beneficiary. He said:

"I charge you as a matter of law that the deceased, Thomas Clifford, was bound by the laws, as is also his beneficiary, the plaintiff in this case, and that if you find he was suspended at the time of his death, your verdict should be no cause of action."

Later in his charge, after telling the jury that they must not allow sympathy to influence their verdict, he again charged the jury in the following language:

"You are to hold the plaintiff, Thomas Clifford, bound by all the rules and by-laws of this order.

"You are also to say whether or not he was in default and was or was not in suspension at the time of his death by reason of his failure to conform to and comply with all the laws, rules and regulations of the order. That is a question of fact for you. If he was in suspension at that time, the plaintiff beneficiary in this case cannot recover."

The charge as a whole was quite favorable to defendant.

We find no grounds for reversal in the errors discussed, and therefore affirm the judgment.

BIRD, C. J., and MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred. SHARPE, J., did not sit.