### STARK v. ILLINOIS BANKERS LIFE ASS'N.

INSURANCE — LIFE INSURANCE — FAILURE OF INSURER'S AGENT TO FORWARD MONEY IN ITS HANDS INSUFFICIENT GROUND FOR FORFEITURE.

Where a bank was appointed agent of a life insurance company to collect assessments, and a policy holder who was a depositor in said bank authorized it to pay his assessments and charge them to his account, which plan was followed for a period of years, the failure of the bank to forward an assessment until after the death of assured, although he had sufficient money on deposit to meet it when due, was the failure of the company, and forfeiture of the policy may not be based thereon.

Error to Genesee; Brennan (Fred W.), J. Submitted June 8, 1922. (Docket No. 49.) Decided October 2, 1922.

Assumpsit by Laura May Stark and another against

the Illinois Bankers Life Association on a policy of insurance.   Judgment for plaintiffs on a directed verdict.   Defendant brings error.   Affirmed.

*Carton, Roberts & Stewart,* for appellant.

*George W. Cook,* for appellees.

FELLOWS, C. J.   June 29, 1912, defendant issued a policy of insurance, called a certificate of membership, upon the life of Virgil L. Stark of Flint, in the sum of $5,000.   Plaintiffs were named as beneficiaries. The policy contained the usual forfeiture clause for nonpayment of assessments.   The Industrial Savings Bank of Flint was the depository of defendant and its agent in collecting assessments.   The testimony of defendant's secretary as to the plan used by defendant to collect assessments established this fact.   Mr. Stark was a depositor of the bank and at the time of the transaction here involved had in the bank sums largely in excess of the assessment.   Defendant's method of collecting its assessments was to send to its depository, the Industrial Savings Bank, on or before the first of the month, receipts for the assessments together with a list of the same, and at the same time send notice of the assessment to the insured.   The bank also displayed in its office notice that the assessments were due.   At the end of the month the bank remitted to the company the amount collected less its commission.   There was an arrangement between the bank and Mr. Stark, carried out for a period of some years, that whenever an assessment was made by defendant the bank used sufficient of Mr. Stark's funds in its hands to pay the assessment, charged the amount to his account, and delivered the receipt to him with his canceled checks.   January 1, 1920, an assessment was levied by defendant and the receipts including that of Mr. Stark were sent to the Industrial Savings

Bank. The assessment was payable during the month of January. Mr. Stark's assessment was $12.50. The clerk in the bank who usually had charge of the collection of the assessments was ill, and the usual manner of taking care of Mr. Stark's assessment was not pursued. Mr. Stark died February 12th. The bank, upon discovering its failure to remit the assessment and a few days after his death, sent defendant a draft for the amount. The draft was cashed in due course of business, but the amount of it was later tendered back and liability was denied. This action was thereupon brought. At the close of the proofs both sides asked for a directed verdict. One was directed for plaintiffs.

As we have already stated, the agency of the Industrial Savings Bank for defendant was established. As such agent it had in its possession sufficient money to meet this assessment. It had authority from Mr. Stark to apply such funds to its payment. It failed to make such application. Under such circumstances, does the policy lapse for nonpayment of the assessment? Under the former holdings of this court this question must be answered in the negative. *Lyon* v. *Insurance Co.*, 55 Mich. 141 (54 Am. Rep. 354); *Albrecht* v. *Annuity Ass'n*, 129 Mich. 444; *Johnson* v. *Casualty Co.*, 184 Mich. 406 (L. R. A. 1916A, 475); *Clifford* v. *Benefit Ass'n*, 208 Mich. 448. In the last cited case we held (quoting from the syllabus):

"A mutual benefit association may not declare a forfeiture of the policy of insurance where it has in its hands money belonging to the policyholder sufficient to pay and discharge the dues and assessments when due and payable."

And we there cited numerous cases from other jurisdictions where like holdings will be found. In addition to the authorities there cited see *Chickering* v. *Insurance Co.*, 116 Mass. 321; *Illinois Bankers' Life*

*Ass'n* v. *Dowdy,* 149 Ark. 72 (231 S. W. 183). The Arkansas case is particularly applicable as the facts are substantially identical with those in the instant case and the defendant was the instant defendant, and the same plan of collecting assessments above detailed was used. We quote the syllabus of that case as it appears in the Southwestern Reporter:

"Where insurer authorized bank to collect premiums, and insured with a sufficient deposit to cover the premium directed cashier to pay the premium and to charge amount thereof to his account, before the premium became due, and the cashier agreed to do so, there was a timely payment of premium, though amount thereof was not actually entered against depositor's account until after expiration of the period of grace for payment of premium."

Not only has this court settled the question for this jurisdiction but our conclusion finds support in numerous other jurisdictions and is in accordance with the overwhelming weight of authority. *Griffith* v. *Life Ass'n,* 141 Iowa, 414 (119 N. W. 694), relied upon by defendant's counsel, has a tendency to sustain the opposite view, but the facts there were somewhat different, and in so far as it disagrees with our former holdings must be disregarded.

Here the defendant by its agent, the Industrial Savings Bank, had in its hands money belonging to the insured more than sufficient to meet the assessment; such agent had authority to appropriate and apply sufficient thereof to pay the assessment; defendant's agent did not seasonably make the application; its failure so to do was the failure of defendant which it can not now urge as a defense to its liability on the policy.

The judgment must be affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.