LEVERETT *v.* CONTINENTAL CASUALTY CO.

1. INSURANCE—RESPECTIVE DUTIES OF INSURED AND INSURER WHERE CONTRACT PROVIDES FOR DEDUCTION OF PREMIUMS FROM WAGES OF INSURED.

Where contract for accident insurance provides that orders be given on paymaster to deduct monthly premiums from insured's wages, the duty of insured is usually fully performed if he leaves sufficient amount in hands of his employer to meet instalments as they fall due, and insured is under no obligation to see that money reaches insurer, but it devolves on insurer to present orders for payment as instalments fall due, and also to notify insured of their nonpayment as prerequisite to right to insist on forfeiture therefor.

2. SAME—INSURER FAILING TO DEMAND PREMIUMS ESTOPPED FROM DENYING LIABILITY FOR NONPAYMENT.

Under said contract it was insurer's duty to make demand for payment of premiums, and its failure to do so estopped it

from setting up defense of forfeiture for nonpayment thereof, especially where insured provided sufficient funds and had no notice that premiums had not been paid.

3. SAME—PRINCIPAL AND AGENT.
   Paymaster was not agent of insured to pay his premiums and keep his policy in force, but under said contract he was merely given authority to deduct from insured's wages sums stated in order.

4. SAME—AGE LIMIT MAY BE WAIVED.
   Provisions in insurance policy regarding age of insured may be waived by insurer.

5. SAME—AGE LIMIT—ESTOPPEL.
   Where accident insurance policy had no definite time to run, but provided for expiration when insured reached 60 years of age, insurer's acceptance of premiums continuing policy in force beyond age limit, with notice from its records of insured's age, estopped it from denying liability thereon, since extension, once effective, constituted an indefinite continuance, which required cancellation by notice or default to bring to an end; there being testimony that in certain cases insurer extended policies beyond age limit.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 5, 1929. (Docket No. 92, Calendar No. 34,247.) Decided June 3, 1929.

Action by Elsie Leverett against the Continental Casualty Company, a foreign corporation, on a policy of insurance. From a judgment for defendant *non obstante veredicto,* plaintiff brings error. Reversed and judgment ordered entered for plaintiff.

*Earl L. Burhans* and *David Anderson,* for plaintiff.

*Mason & Sharpe,* for defendant.

FEAD, J. George Leverett and his son, George Clark Leverett, were section men on the Michigan

Central Railroad, near Kalamazoo. Each had an accident insurance policy with defendant, the father's taken in September, 1925, with premium of $2.65 per month, and the son's in May, 1926, with monthly premium of $2.95. As part of the contract, each gave an order to the railroad paymaster to deduct the premiums from his wages for one year and thereafter until insured should notify the insurer in writing to discontinue the policy. Each month defendant sent the paymaster a list of premiums to be deducted from wages, with names of the insured and numbers of policies. The deductions were remitted to defendant, less a commission it allowed the paymaster. The policies had no definite expiration date, but were to continue as long as the premiums were paid unless sooner terminated by notice of cancellation or certain loss not pertinent here.

The father was injured in June, 1926, and did not return to work until January 3, 1927. In the report to defendant of this injury, he gave the date of his birth as January 9, 1867. The policy provided that it should not cover any person over the age of 60 years. The policy also provided that any premium due and unpaid could be deducted from payment of loss. In settling with Leverett on March 2d, defendant deducted premiums to carry his policy to February 24, 1927, about six weeks beyond his sixtieth birthday. About the time of settlement, defendant entered cancellation of the father's policy on its books on the ground it had expired by age limit. It gave him no notice of termination.

The son quit work for the railroad company on March 15, 1927. Up to that time his premiums had been paid through paymaster's deductions. On April 2d he mailed a money order to defendant for his premium, but gave it no notice that he had

terminated connections with the employer. He paid no more premiums.

Defendant billed the paymaster for the son's premiums in April and May. For some undisclosed reason the paymaster deducted the premiums from the father's wage account and remitted to defendant, which credited them on the son's policy. It did not appear that the father had any knowledge of such credit. His wages were variable. If credited to the father, the May premium would have carried his policy in force to June 24th.

On June 12th the father met with an accident. July 2d he filed notice of claim. Defendant, apparently under the impression that claimant was the son, sent the latter a check for $40.00 on August 16th. August 20th the father died from the injury. Proofs of loss were forwarded and defendant denied liability on the ground that the policy was not in force at the time of injury because the premiums had not been paid.

This suit was brought to recover on the father's policy for his death from accident. In plea and notice, defendant took the position that the policy had been canceled and was void because of failure of the insured to pay the premiums. By amended notice, it raised the further point that the insurance was not in force because the insured was over 60 years of age when the injury occurred which resulted in his death.

The contract consisted of the policy, the application and the paymaster's order. Where payment of premium is so provided,—

"the duty of the insured is usually fully performed if he leaves a sufficient amount in the hands of his employer to meet the instalments as they fall due,

and the insured is under no obligation to see that it reaches the hands of the insurer. It devolves upon the insurer to present the orders for payment as the instalments fall due, and also to notify insured of their nonpayment as a prerequisite to the right to·insist on a forfeiture therefor. The policy is forfeited where the insured, during the period in which the premium is payable, earns no wages, or his earnings are insufficient to pay the premium. The same result follows where he withdraws all of his wages before the order is presented for payment, or countermands the order before its payment." 1 C. J. p. 410.

*Lyon* v. *Travelers' Ins. Co.,* 55 Mich. 141 (54 Am. Rep. 354), followed by *Johnson* v. *Fidelity & Casualty Co.,* 184 Mich. 406 (L. R. A. 1916 A, 475), urged by plaintiff as controlling, and *Geddes* v. *Employees' Relief Assn.,* 178 Mich. 486, relied on by defendant, are illuminative but not decisive. They involved instances where the failure to pay the premiums was due to the employer's fault. In the *Lyon Case* the court planted its decision, holding the insurer liable, on the ground,—

"that payment of the premium will be presumed and deemed to have been made out of the fund provided and assigned to the company for that purpose, until notice of nonpayment is given to the insured."

To clear a misapprehension which seems to have arisen, it should be said that the original record in the *Lyon Case* discloses no other "assignment" of wages than the order set out in full in the report.

In the *Geddes Case,* where the insured's wages were not variable but were fixed, his receiving his full pay was held notice to him that the premium had not been paid. Notice of nonpayment of the pre-

miums cannot be imputed to Leverett because his wages were variable, his policy had been continued beyond his sixtieth year, and no notice of termination given him, amounts were actually taken out of his wages in the manner he contracted for, and, while he apparently received his full wages for March, subsequent deductions were made and the policy provided reinstatement on acceptance of a later premium.

At bar, the failure to collect the premiums on the father's policy was due, not to the employer, but to defendant's own neglect to make demand for them in accordance with its contractual obligation to do so, implied from acceptance of the order, the manner agreed upon for payment, and the custom of collection. Demand would have been followed by payment. Defendant's failure to make demand estopped it from setting up the defense of forfeiture for nonpayment of premiums. *Cotten* v. *Fidelity & Casualty Co.* (C. C.), 41 Fed. 506; *Pacific Mutual Life Ins. Co.* v. *Walker*, 67 Ark. 147 (53 S. W. 675).

The paymaster was not, as contended by defendant, the agent of the insured to pay his premiums and to keep his policy in force. Under the contract he was merely given authority to deduct from Leverett's wages the sums stated in the order. He was not an agent for any other purpose and defendant was not relieved by his mistake from the obligation to make demand in accordance with its own contract. Leverett having provided funds in accordance with the contract and the fault for noncollection having been defendant's, the premiums must be deemed to have been paid at the time they were due.

The court submitted to the jury the question of Leverett's age, and the jury found he was 59 on

January 9, 1927, upon testimony claimed by defendant to be entirely incompetent. Regardless of whether it was competent, we think the verdict was against the weight of evidence and defendant's liability should be considered on the hypothesis that insured was 60 years old at the time of injury.

Plaintiff claims defendant is estopped from raising the question of termination of the policy by age limit. Defendant relies on *Ruddock* v. *Detroit Life Ins. Co.*, 209 Mich. 638, where it was held that a cause of loss, expressly excepted by the terms of the policy, cannot be included in it by waiver and estoppel arising after the loss. Here, the claimed waiver and estoppel occurred before loss and the provision relied on was not a cause of loss. The age limit merely marked the time of expiration. Provisions regarding age of insured may be waived. 45 C. J. p. 135; *Hause* v. *Standard Accident Ins. Co.*, 172 Mich. 59.

Defendant's representative testified that it extended policies to the age of 65 in certain cases by attaching a rider thereto and that its extension of Leverett's policy for six weeks was in pursuance of its option to carry the insurance beyond the policy age. Having knowledge from its records of his age as he claimed it to be, as defendant insists, and as. we assume it was; having accepted premiums on the policy beyond its time limit, made no complaint to Leverett of his age, given him no intimation of termination, or that the extension was limited, or that the excess time was not within the contract; and Leverett having continued to permit the withdrawal of his wages in the manner provided by his contract with defendant, and having considered the policy in force, a clear case of estoppel is presented on the facts. As the policy had no definite term to run, the

extension, once effective, constituted an indefinite continuance which required cancellation by notice or default to bring to an end.

Defendant contended the extension was not effective because of the policy provision that no change in it should be valid without the written approval of the president or secretary. If effective in any case to prevent estoppel, the provision cannot do so in this instance, because the officers were chargeable with notice of the company's records (14a C. J. p. 488), upon which appeared the extension beyond the age limit. They had the same obligation to give notice of cancellation to terminate the policy as had any other officer.

Both parties moved for a directed verdict. Judgment was finally entered for defendant. Plaintiff's bill of particulars has excessive items of $60, specific indemnity, and $5, annual increase.

The judgment will be reversed and one directed to be entered on the verdict for plaintiff in the sum of $1,190.10, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, and POTTER, JJ., concurred. SHARPE, J., did not sit.