CHAYER v. METROPOLITAN LIFE INS. CO.

1. Insurance—Group Insurance—Total and Permanent Disability Benefits.

Under group insurance policy providing for payment of total and permanent disability benefits to employees who had been employed by the employer for two full years, employee who had been employed intermittently for upwards of 10 years *held*, not entitled to such benefits where last employment was for less than a two-year period.

2. Same—Customs and Usages—Estoppel.

Custom of employer of permitting employees, insured under group insurance policy, to continue life insurance provisions by paying monthly premium for period of six months after termination of employment, bound insurer although such provision is not contained in policy, notwithstanding policy did provide that life insurance under policy would be discontinued 31 days after employee left employer.

3. Same—Reserves—Avoidance of Forfeiture.

Insurer which has in its hands a fund absolutely due and payable to insured before date on which premium becomes due should apply such fund toward its payment if necessary to avoid a forfeiture.

4. Same—Life Insurance—Temporary Disability Benefits—Reserves.

Death beneficiary under group insurance policy providing that in case of termination of employment life insurance would be discontinued 31 days later and employer's custom was to permit continuance of insurance by payment of premiums for period longer than that during which insured lived *held*, not entitled to recover on theory premiums were paid from temporary disability benefits accruing after termination of employment where evidence does not disclose insured was entitled to such benefits at such date, notwithstanding insurer paid temporary disability benefits after time provided therefor in policy without prejudice as to its defense to life insurance provisions.

Appeal from Genesee; Parker (James S.), J. Submitted June 14, 1935. (Docket No. 112, Calendar No. 38,469.) Decided September 9, 1935.

Assumpsit by Eugenia Chayer against Metropolitan Life Insurance Company, a foreign corporation, on a group insurance policy.   Judgment for plaintiff.   Defendant appeals.   Reversed.

*R. M. VanDyne* and *Dudley Mallory,* for plaintiff.

*Cook & Stipes,* for defendant.

EDWARD M. SHARPE, J.   Plaintiff is the beneficiary under a group insurance policy issued to her husband, James Chayer, while in the employ of the Buick Motor Company by the Metropolitan Life Insurance Company.   The defendant insurance company entered into a group insurance contract with General Motors Corporation and with the Buick Motor Company as one of the subsidiaries of the General Motors Corporation in September, 1928. Insurance under this policy was for the benefit of those employees who might elect to become insured thereunder and was not compulsory.   Employees desiring such insurance made application therefor in which they authorized the deduction by the employer of $1.50 a month from the applicant's pay toward the cost of such insurance and to this the Buick Motor Company added an additional amount to pay the premium to the insurance company.   Such applications were left on file at the Buick Motor Company office in charge of one of the Buick company's employees.   The monthly premium paid to defendant insurance company was based upon the total number of men so insured.   The insurance company never knew the particular individuals insured until a claim under said insurance arose.

The policy of insurance included both life and health insurance.   Certificates of insurance were furnished to the insured men by the Buick Motor Com-

pany. Claims for death benefit, and for total and permanent disability benefits were paid by the insurance company; but temporary disability benefits were paid by the Buick company which was later reimbursed by the Metropolitan Life Insurance Company.

One of the conditions precedent to any of the three kinds of protection afforded under the group policy is that the assured be an "employee" "in the employ" of the Buick Motor Company. The contingency of termination of employment is provided for as follows:

"In case of the termination of the employment of the employee for any reason whatsoever, all of his insurance shall immediately cease and the employee shall be entitled to have issued to him by the company, without evidence of insurability, and upon application made to the company within 31 days after such termination, and upon payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then-attained age (nearest birthday), a policy of life insurance in any one of the forms customarily issued by the company, except term insurance, in an amount equal to the amount of his life insurance under the said group policy at the time of such termination. For the purpose of the life insurance under said group policy, employment is assumed until the end of the calendar month following the date the employee actually left the employ of the employer. * * *

"The temporary disability benefits on any such employee shall be discontinued as of the date such employee actually left the employ of the employer. As to the life insurance hereunder on any such employee, lay-off or leave of absence of six months or less shall be considered, and (except as to the additional life insurance provided by the schedule of benefits hereof) retirement shall not be considered a

termination of employment within the meaning of this policy unless notification to the contrary shall have been given by the employer to the company within 31 days after the the date when such lay-off, leave of absence or retirement shall have commenced. As to the additional life insurance provided by the schedule of benefits hereof, retirement shall be considered a termination of employment.''

A certificate of insurance was issued to plaintiff's decedent December 9, 1931, and became effective March 9, 1932. On December 9, 1931, plaintiff's decedent was employed by the Buick Motor Company, but had not been in its employ for more than a year previous to that time, although from 1920 to December, 1931, he had been intermittently employed by the Buick company. He was steadily employed from December, 1931, until April 1, 1932, at which time he was laid off because the company reduced their force in the department where Chayer was employed. The record also shows that on April 1, 1932, when plaintiff's decedent ceased to work for the Buick Company he was somewhat affected in his health and was attended by a physician at his home April 29, 1932. He died June 11, 1932, the cause of death being rheumatic pancarditis or rheumatism of the heart as well as Bright's disease.

When plaintiff's decedent left the employ of the Buick company on April 1, 1932, his insurance was paid for that month, but no money was paid by or on his behalf thereafter nor were any premiums paid by the Buick company on the group policy for the months of May and June, 1932, for or on his behalf. His card was taken from the file as being one who was not then insured.

No claim for permanent disability was ever filed for or on behalf of plaintiff's decedent. No claim for temporary disability was filed during the life-

time of plaintiff's decedent. However, at a later date a claim was filed for temporary disability and a settlement made in the sum of $79.29, said payment being made without prejudice to the claim of the defendant company that Chayer was not insured for temporary disability after he left the employ of the Buick company and did not have any life insurance at the time of his death.

Plaintiff brought suit against defendant insurance company for $2,000 life insurance and the trial court rendered a verdict in favor of plaintiff, from which defendant company appeals.

Total and permanent disability was provided for under the following clause of the insurance policy:

"Upon receipt by the company of due notice and proof—in writing—that any employee has, (1) while insured hereunder, (2) prior to his sixtieth birthday, and (3) after having been continuously employed by the employer for two full years, become totally and permanently disabled, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit, the company will * * * commence to pay * * * monthly installments."

Under the facts in this case, plaintiff's decedent was not entitled to permanent disability as his last employment with the Buick Motor Company was only for a period of three months and 22 days.

Death benefits were provided for as follows:

"If death occur while the employee is in the employ of the employer and while said group policy is in force, the amount of life insurance, if any, then in force thereunder on said employee, will be paid to Eugenia Chayer, beneficiary."

As to the life insurance only, the policy provided that 31 days after the employee leaves the employ of the employer the insurance would be discontinued. However, it was a custom in force by the Buick company that the employee by paying monthly premiums could continue the insurance in force for an additional six months. Although this privilege is not contained in the policy, we think the defendant company is now estopped to deny the same and is bound by it. However, in this case we find that Chayer paid no premiums after his employment ceased nor were any paid for him. Therefore, he had no life insurance protection at the time of his death, unless, as claimed by plaintiff, the defendant had in its hands money sufficient to cover the premiums due.

"Where the company has in its hands a fund absolutely due and payable to insured before the date upon which his premium becomes due, the company should apply such fund if necessary to avoid a forfeiture." 32 C. J. p. 1308.

See, also, *Inter-Ocean Casualty Co.* v. *Copeland,* 184 Ark. 648 (43 S. W. [2d] 65); *Long* v. *Monarch Accident Ins. Co.* (C. C. A.), 30 Fed. (2d) 929.

In *Clifford* v. *Catholic Mutual Benefit Ass'n,* 208 Mich. 448, we said (quoting from the syllabus):

"A mutual benefit association may not declare a forfeiture of the policy of insurance where it has in its hands money belonging to the policyholder sufficient to pay and discharge the dues and assessments when due and payable."

See, also, *Stark* v. *Illinois Bankers Life Ass'n,* 220 Mich. 108; *Leverett* v. *Continental Casualty Co.,* 247 Mich. 172.

In the instant case, the premiums upon the life insurance were not paid unless at the time of the death of deceased he was entitled to benefits of not less than $3, which was the amount necessary to pay the May and June premiums, from temporary disability.

In order to receive the temporary disability benefit the policy required that immediate notice of the sickness be given to defendant insurance company; that affirmative proof of such sickness be given within 30 days; and that the employee be under the care of a licensed physician. We find that deceased was employed on April 1, 1932, and did not call a physician until April 29, 1932, nor was any report made or claim made for benefits growing out of temporary disability until after the death of deceased. In addition, the policy provided that all insurance ceases upon the termination of employment for any reason whatsoever. While it is true that Chayer became ill at the time of or shortly after he left the employ of the Buick company, yet the evidence does not satisfy us that he was temporarily disabled as of April 1, 1932. Therefore, he was not entitled to temporary disability benefits; and not being so entitled, had no reserve with the Buick company to pay the premiums on his life insurance during May and June, 1932.

The judgment is reversed; costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.